[Crim. No. 1215. First Appellate District, Division One.—February 6, 1925.]

THE PEOPLE, Respondent, v. EDMUND MURPHY, Appellant.

[1] Criminal Law—Errors Presented After Final Judgment—Character of—Jurisdiction.—Alleged errors presented after final judgment in a criminal prosecution, and predicated upon the ground that part of the trial took place after the hour of 12 o'clock, noon, on a Saturday, and upon the further grounds that the grand jury which found and presented the indictment, upon which the defendant was subsequently tried and convicted, had been illegally selected, drawn, and impaneled, and that said indictment had been indorsed "a true bill" and signed by a person other than the foreman of said grand jury, are not jurisdictional, but, if errors at all, constitute nothing more than mere errors at law, which occurred prior to the pronouncement of judgment in the case and therefore should have been presented for review, along with the other assignments of error upon which the appeal was taken from the judgment.

[2] Id.—Trial on Saturday Afternoon—Waiver.—The defendant may not complain, even if the point were made at the proper time, that part of the trial took place after 12 o'clock, noon, on a Saturday, where the trial continued for a brief period after said hour without objection on the part of defendant.

[3] ID.—INDICTMENT—FORMATION AND IMPANELMENT OF GRAND JURY.
No irregularities in the formation and impanelment of the grand
jury constitute grounds for setting aside an indictment.

[4] ID.—INDICTMENT—SIGNING OF—SECTION 930, PENAL CODE—PRE-
SUMPTIONS.—The fact, if it be a fact, that the indictment was
indorsed "a true bill" and signed by a member of the grand
jury, other than the one whom the minutes of the court show
was appointed and sworn as foreman when the grand jury was
impaneled, indicates no error in view of section 930 of the
Penal Code, which permits a member to act in the place of the
regularly appointed foreman in the absence or disqualification
of such foreman; and in the absence of any proof to the effect
that the member of the jury who indorsed and signed said in-
dictment was not the foreman *pro tem.*, the presumption is in
favor of the regularity of the proceeding.

---

(1) 17 C. J., p. 375, n. 59.   (2) 17 C. J., p. 295, n. 85.   (3) 31
C. J., p. 804, n. 25.   (4) 17 C. J., p. 216, n. 47.

APPEAL from orders of the Superior Court of the City
and County of San Francisco refusing to annul judgment.
Louis H. Ward, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Dep-
uty Attorney-General, for Respondent.

KNIGHT, J.—There are two appeals being prosecuted by
the defendant in this case, both having been taken from
orders made after final judgment.   Although said appeals
come before us on separate records, we think the questions
arising thereunder may be considered and disposed of in
one opinion.

The appellant, Edmund Murphy, was convicted of the
crime of rape, and upon appeal the judgment of conviction

---

3.  Questioning competency of member of grand jury after in-
dictment found, note, 34 Am. Rep. 705.

Legality of grand jury not selected in accordance with statute,
notes, 10 Ann. Cas. 964; Ann. Cas. 1918A, 1080; See, also, 12
R. C. L. 1029.

was on July 12, 1921, affirmed. (*People* v. *Murphy,* 53 Cal. App. 474 [200 Pac. 484].) On August 9, 1924, a motion was presented to the trial court, on behalf of appellant, to annul said judgment upon the ground that part of the trial took place after the hour of 12 o'clock, noon, on Saturday, December 18, 1920. Upon hearing the evidence submitted by the respective parties, said motion was, by the trial court, denied. The defendant appealed. On October 6, 1924, a second motion was made for the annulment of said judgment upon the grounds that the grand jury which found and presented the indictment, upon which appellant was subsequently tried and convicted, had been illegally selected, drawn, and impaneled, and that said indictment had been indorsed "a true bill" and signed by a person other than the foreman of said grand jury. Said motion was, after a hearing, also denied, and from the order denying the same the defendant has appealed.

[1] Irrespective of the merits of the contention made by appellant in support of these motions, we are of the opinion that the alleged errors complained of were not jurisdictional, but, if errors at all, constituted nothing more than mere errors at law, which occurred prior to the pronouncement of judgment in the case and therefore should have been presented for review, along with the other assignments of error upon which the appeal was taken from the judgment, and we believe that the appeals now before us might be properly disposed of upon that ground; however, we have examined the contentions made by appellant and find that they would be unavailing to appellant, even if seasonably presented.

[2] Regarding the claim that part of the trial took place after the noon hour on Saturday, December 18, 1920, the record discloses that upon arrival of the noon hour on that day the court called attention of appellant's counsel to the fact that it was 12 o'clock, to which appellant's counsel replied: "We will make no objection to finishing with this witness." The court then said: "All right. On motion of the defendant we will continue. . . . " Thereafter the witness, who was under examination by appellant's counsel, was asked only three short additional questions, by appellant's counsel, and after some discussion between counsel,

the witness was excused, and one of the assistant district attorneys was sworn and testified as a witness on behalf of appellant. He was asked by appellant's counsel the single question as to whether or not he knew that certain criminal cases against another defendant charged with a like offense had been dismissed, to which he replied that he did. Such were all the proceedings had after the noon hour, except some discussion between counsel on both sides and the court, during which certain facts were stipulated; and the entire proceedings, according to matters set forth in the record, consumed no more than three or four minutes.

The precise question arising here came before this court in an appeal from the judgment in *People* v. *Maljan,* 34 Cal. App. 384 [167 Pac. 547], and it was there held: "Conceding but not deciding that the court erred in proceeding with the trial into Saturday afternoon, still, the defendant cannot be heard to complain of this, for his attorney, on his attention being called to the fact that the hour of noon had arrived, distinctly and in open court, waived the right to object to the trial proceeding into the afternoon, and this is a matter in which the defendant's waiver is binding upon him. It falls within the same class of rights, upon the subject of waiver, as a right to be present at a view of the premises by the jury, the right to have the judge present at such view, and other similar rights, and in such cases it has been held that the right may be waived. (*People* v. *Mathews,* 139 Cal. 527 [73 Pac. 416]; *People* v. *White,* 5 Cal. App. 329 [90 Pac. 471]; *People* v. *Bird,* 132 Cal. 261 [64 Pac. 259].)'' Applying the rule above stated to the situation in the instant case, it is manifest that the point urged by appellant is not, and even if taken advantage of at the proper time would not be, maintainable as error.

With respect to the point urged on the second appeal it is claimed that in the impanelment of the grand jury the names appearing on the second panel, of which there were four, were resorted to in the completion of the jury before the sixteen names appearing on the original panel were exhausted; in other words, that the twenty names appearing on both panels were deposited in the jury-box together, and that the grand jury was selected therefrom, instead of first depositing and drawing the sixteen names appearing on the

first panel and then depositing the four names appearing on the second panel and completing the personnel of the grand jury therefrom; that, consequently, in drawing nineteen names from the box, one name which appeared on the original panel was not drawn, and that person did not become a member of the grand jury.

[3] It thus appears that appellant's objection goes merely to the method employed in the impanelment of the grand jury, and it is well established in this state, as was stated in *People* v. *Hatch*, 13 Cal. App. 521 [109 Pac. 1097], in which numerous cases are cited, that no irregularities in the formation and impanelment of the grand jury constitute grounds for setting aside an indictment; and this was true even prior to the amendment of 1911 (Stats. 1911, p. 435) to section 995 of the Penal Code, which substantially narrowed down the provisions of that code section.

[4] The fact, if it be a fact, that said indictment was indorsed "a true bill" and signed by a member of the grand jury, other than the one whom the minutes of the court show was appointed and sworn as foreman when the grand jury was impaneled, indicates no error, for the reason that section 930 of the Penal Code provides: "In the absence of the foreman of a grand jury from any meeting of the same or in the event of his disqualification to act, the grand jury may select a member of that body to act as foreman *pro tem.,* who shall perform the duties of, and have all the powers of the regularly appointed foreman in the absence or disqualification of such foreman." In the absence of any proof to the effect that the member of the jury who indorsed and signed said indictment was not the foreman *pro tem.,* we must presume in favor of the regularity of the proceeding. (*People* v. *Hatch, supra.*)

The orders appealed from are affirmed.

Tyler, P. J., and St. Sure, J., concurred.