[Crim. No. 2094.   Third Dist.   Oct. 4, 1949.]

THE PEOPLE, Respondent, v. H. V. STONE et al., Appellants.

H. V. Stone, in pro. per., for Appellants.

Fred N. Howser, Attorney General, Doris H. Maier and Gail A. Strader, Deputy Attorneys General, for Respondent.

THOMPSON, J.—The defendant, H. V. Stone, appearing in proper person, moved this court to recall and quash a remittitur after the judgment of conviction of conspiracy to commit abortions had been affirmed on appeal.

It is contended the remittitur should be recalled because the judgment is invalid on account of the admission in evidence of medical instruments and Dorex soap solution ''without complete knowledge of all the circumstances, and causing a mistake as to the facts of the case.'' It is also asserted that the opinion which was rendered by this court on appeal is likewise erroneous for the same reasons. No fraud or imposition on the court is alleged. No evidence was adduced in support of the motion to recall the remittitur. After conviction of the defendants, who were jointly indicted and tried for conspiracy to commit abortions and for actual commission of said abortions, and a new trial was denied, the judgment was affirmed by this court on appeal (*People* v. *Stone,* 89 Cal.App.2d 853 [202 P.2d 333]), and motions for rehearing and for hearing by the Supreme Court were denied.

The defendants H. V. Stone and his wife, Marie Stone, together with Dr. W. H. Jordan, were jointly indicted and tried for conspiracy to commit abortions, and for the actual commission of several different alleged abortions. They operated together in commission of the abortions at the office of Dr. Jordan in Roseville. The medical instruments and a large quantity of Dorex soap were taken from the place of business where the defendants operated, and received in evidence, over the objections of the defendants at the trial. There was evidence by at least two women upon whom abortions were committed, that they consulted with both Dr. and Mrs. Stone about the abortions which were committed and that Mrs. Stone actually performed the operations with the use of Dorex soap which was injected into the uterus, although H. V. Stone was subsequently acquitted of those charges of abortion. The instruments and soap were sufficiently connected with the perpetration of the crimes charged. They were competent evidence in the trial of conspiracy and the actual commission of the abortions, in spite of the fact that Dr. Stone was afterward acquitted of the charges of abortion. He was, however, convicted of the crime of conspiracy to commit them. The evidence shows that he consulted with his wife about performing the abortions on Esther Gonzales and Mrs. McClatchy, each of whom testified that Mrs. Stone used an

instrument with which she injected into the uterus a solution of the Dorex soap. Both the record of the trial and the opinion of this court disclose the fact that the issue of the competency of the medical instruments and of the Dorex soap was fully understood · and properly determined, and that neither the trial court nor this court misapprehended the facts. Neither court was misled or mistaken in that regard. If either court erred in regard to the admission .of that evidence, which we do not concede, clearly it was a mistake of law and not one of fact. That issue was also presented and determined adversely to this defendant in the motion for new trial and in the applications for rehearing and for hearing by the Supreme Court.

The motion for recall of the remittitur is not the proper remedy to correct a mere mistake of law, even though one exists. We are convinced the petitioner in this case has misapprehended the proper functions of the extraordinary proceeding to recall and correct mistakes contained in a remittitur. No fraud or imposition on the court is alleged. There was no attempt by affidavits or otherwise to prove that the court was mistaken as to the facts. The record of the case was before the court, and the facts were fully presented and considered at the trial. The court clearly had jurisdiction to pass upon the issue in question and to render the judgment which was affirmed on appeal.

Moreover, the three defendants were jointly charged and tried together on nine counts of the indictment. If the challenged evidence was competent against either defendant it was entitled to be admitted. If the evidence was not competent against any one of the codefendants, which we do not concede, it was his duty to ask the court to confine its application to the other defendants, which was not done, as our opinion clearly states.

We conclude that the medical instruments and the Dorex soap were properly admitted in evidence, that the court had jurisdiction to determine their competency and to render the judgment in this case, and that neither court was deceived or misled regarding the facts in relation thereto.

It follows that this court has no authority, under the circumstances of this case, to recall or quash the remittitur. Much less have we the right, on this proceeding, to set aside the judgment and grant a new trial. That would amount to a circumvention of the statutes, and lead to a multiplicity of trials and endless litigation. It would defeat the orderly statutory procedure and due process in criminal trials.

Where the court has jurisdiction to render the judgment complained of and it does not affirmatively appear that it was the result of fraud, imposition or misapprehension of facts, the recall of a remittitur is not the remedy for mistakes which may occur regarding the application of the law.

Ordinarily, when a court has jurisdiction to render a judgment which is not the result of fraud, imposition or prejudicial mistakes of facts, a remittitur which has been duly issued thereon may not be recalled or quashed to correct mere errors of law or procedure. (*People* v. *Murphy*, 71 Cal.App. 176 [235 P. 51]; *People* v. *Egan*, 81 Cal.App.2d 769 [185 P.2d 82]; *Ellenberger* v. *City of Oakland*, 76 Cal.App.2d 828 [174 P.2d 461]; *Isenberg* v. *Sherman*, 214 Cal. 722 [7 P.2d 1006]; *Municipal Bond Co.* v. *City of Riverside*, 138 Cal.App. 267, 279 [32 P.2d 661]; 8 Cal.Jur. § 613, p. 639; 4 10-Yr. Supp. § 613, p. 1031; 3 Am.Jur. § 1210, p. 712; 5 C.J.S. § 1996, p. 1560; 84 A.L.R. 595, note.)

Except when a lack of jurisdiction to pronounce judgment, or where fraud, imposition or prejudicial misapprehension of the facts have resulted in an erroneous judgment, a reviewing court lacks jurisdiction for further proceedings after the remittitur has been duly issued. Section 1265 of the Penal Code provides in that regard:

"After the certificate of judgment has been remitted to the court below, the appellate court *has no further jurisdiction* of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect must be made by the court to which the certificate is remitted." (Italics added.)

It is true that, in a proper case, where the court lacked jurisdiction to pronounce judgment because a pending motion for new trial had not been disposed of, or for other adequate reasons such as fraud or imposition on the court, the extraordinary remedy of a recall of remittitur may be granted. (*In re Rothrock*, 14 Cal.2d 34 [92 P.2d 634]; 23 Cal.L.Rev. 354, 356; 84 A.L.R. 595, note.) The note in said California Law Review contains the following statement in that regard:

"It would appear from these cases that a remittitur will be recalled when, but only when, inadvertence, mistake of fact, or an incomplete knowledge of all the circumstances of the case on the part of the court or its officers, whether induced by fraud or otherwise, has resulted in an unjust decision. It is perhaps worthy of note that in the principal case the court said 'that a mistake of law on the part of counsel, or the

members of this court, no matter how honestly made,' would not of itself furnish sufficient ground for the recall of a remittitur.''

In the heading to the note which appears on that subject in 84 American Law Review, page 595, it is said:

''Where an appellate court has rendered a decision which was induced by fraud practiced on the court, and the case has been remanded, the remittitur will be recalled and the decision of the court changed, and the judgment corrected so as to conform to the right of the case.''

In the Murphy case, *supra,* a motion to annul a judgment on account of alleged errors of procedure at the trial was denied. The appellate court said that the motion would not lie after affirmance of an appeal, for mere errors of law occurring prior to the rendering of judgment. And in the Egan case, *supra,* upon motion to recall a remittitur and to set aside an order dismissing an appeal from a judgment of conviction of the crime of murder, upon the alleged grounds of inadvertence and defective proceedings, the order of dismissal was affirmed. The appellate court said that no petition for hearing or rehearing of the decision had been made, and that no fraud or imposition upon the court was alleged, and that the motion to recall the remittitur would not lie, under such circumstances. The inference is that the granting of said motion under such circumstances would conflict with the procedure provided by statute for setting aside a judgment. The court concluded that feature of the case by saying:

''. . . The statute and rules reasonably regulating the right of appeal might just as well be repealed if any such rule were to be adopted. A remittitur may be recalled only where the judgment sought to be recalled was secured by fraud or imposition on the court. (*Isenberg* v. *Sherman,* 214 Cal. 722 [7 P.2d 1006].)''

The foregoing language appears to fit the situation in the present case, except that there is much less reason for recalling the remittitur in this case because both petitions for rehearing and for hearing in the Supreme Court after the judgment was affirmed on appeal were denied. The same issue was determined on those applications adversely to this defendant.

In the case of *Haydel* v. *Morton,* 28 Cal.App.2d 383 [82 P.2d 623] (hearing denied), after a decision had been rendered on appeal and a hearing thereon was denied by the Supreme Court, the remittitur issued. A subsequent motion to recall

the remittitur was denied. The motion was made on the grounds of alleged improvidence of the court and false suggestions of counsel which misled the court in rendering the decision, resulting in a miscarriage of justice. The court said:

"The basis of this motion is that said judgment was improvidently granted by this court upon a false suggestion by appellant; under a mistake as to the facts of the case, and through the inadvertence of the court; that the decision results in a miscarriage of justice due to the error of this court.

"A motion to recall a *remittitur* is an extraordinary remedy that is only exercised in cases of fraud or imposition practiced upon the court or upon the opposite party or where a judgment is improvidently granted, upon a false suggestion, or under a mistake as to the facts of the case. (Citing authorities.)"

In denying the motion to recall the remittitur in the last mentioned case the court properly held that the record disclosed no evidence that the decision was improvidently rendered by the court, or that it was the result of fraud or imposition, and that, if the decision had been so rendered, the proper remedy was to raise that question on a petition for rehearing or for hearing by the Supreme Court, which were waived by failure to apply therefor in the usual manner provided by law. In the present case the defendants' petitions for rehearing and for hearing were denied.

Nor is the case of *In re Rothrock, supra,* upon which this defendant relies, in conflict with what we have previously said with respect to the limitation of the rule regarding the remedy of recalling a remittitur. In that case the remittitur was recalled on the apparent theory that the trial court lacked jurisdiction to pronounce the judgment of conviction of the defendant of the crime of murder because he had orally interposed a motion for new trial which had not been determined but was still pending. The Supreme Court said that upon appeal to the district court, "The direction to enter judgment of conviction was predicated upon the mistaken belief, expressed in the opinion, that no motion for new trial had been made." In that case it appears that the trial judge stated "it was his purpose to grant the motion for new trial" when it was submitted. While the motion for new trial was made, it was continued for argument and submission on account of pressure of other pending cases in court. There was subsequently a change of counsel for the defendant. The pending

motion for new trial was overlooked by counsel and the court. It was never determined. Judgment of conviction was inadvertently rendered while the motion for new trial was still pending. Based on that state of the record the Supreme Court properly said:

". . . [I]n the present case, the motion for new trial was duly made; the court did not pass thereon within the time provided by section 1191 of the Penal Code; petitioner, having been prejudiced by the failure to have the motion determined, is now entitled to a new trial under section 1202 of said code.

". . . The motion to recall the *remittitur* is granted. The *remittitur* . . . is recalled. . . ."

The cause was then remanded to the trial court with directions for a new trial.

For the foregoing reasons the motion for recall of the remittitur in this case is denied. Defendant's motion to be released on bail to be fixed by this court is also denied.

Adams, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 31, 1949.