[Crim. No. 20370. Mar. 5, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
HARLO EDWARD PEREZ, Defendant and Appellant.

#### COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Paul V. Bishop and Joel Carey, Deputy Attorneys General, for Plaintiff and Appellant.

Paul Halvonik, State Public Defender, Gary Goodpaster, Chief Assistant State Public Defender, and Mark L. Christiansen, Deputy State Public Defender, for Defendant and Appellant.

#### OPINION

MANUEL, J.—Both the People and defendant appeal from a judgment imposing consecutive sentences entered on verdicts of guilty of forcible rape (Pen. Code, § 261, subd. 3), first degree robbery (Pen. Code, § 211), and kidnaping (Pen. Code, § 207), and staying execution of sentences entered on verdicts of guilty of forcible sodomy (Pen. Code, § 286), two counts of forcible oral copulation (Pen. Code, § 288a), assault by means of force likely to produce great bodily injury (Pen. Code, § 245) and driving an automobile without consent (Veh. Code, § 10851).[1]

The judgment entered on January 4, 1977, was amended on February 16, 1977, to provide that the sentences imposed should run consecutively with any other sentences defendant was serving. (§ 669.)

The People contend that the trial court erred in staying execution of sentence on the oral copulation and sodomy convictions. Defendant contends that the trial court exceeded its authority in amending the judgment to provide for consecutive sentences and that the evidence is insufficient to support the finding that he wilfully and intentionally inflicted great bodily injury on the victim in the course of the commission of the robbery.

---

[1]Unless otherwise specified, all statutory references hereafter are to sections of the Penal Code.

## FACTS

The victim was the manager of the apartment building in which defendant lived. Defendant asked her to come to his apartment to check his complaint about the floors. When she entered, defendant grabbed her and subjected her to a brutal sexual attack. During a period of 45 minutes to an hour, defendant orally copulated her, committed sodomy on her, forced her to orally copulate him, had vaginal intercourse with her, forced her to orally copulate him again, and then again had vaginal intercourse with her. He also forcibly inserted a metal tube into her rectum and vagina.

Defendant then forced the victim to get her purse and the keys to her husband's pickup truck. He took some money out of her wallet and forced her to leave with him in the truck. Thereafter the truck became disabled, the victim succeeded in alerting the police, and defendant was arrested.

## PEOPLE'S APPEAL

The People contend the trial court erred in holding section 654 applicable to the oral copulation and sodomy convictions and therefore staying execution of sentence on them.[2] Section 654 provides in pertinent part that "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

At the time of sentencing defense counsel urged that section 654 precluded imposition of sentence on the oral copulation and sodomy convictions because those crimes were committed pursuant to the same intent and objective as the rape.

At that time the prosecution and the trial court acquiesced, and the trial court entered judgment accordingly.[3] The

---

[2]The People may appeal from an "order made after judgment, affecting the substantial rights of the people." (§ 1238, subd. (a)(5).) Since judgment is synonymous with the imposition of sentence (*Stephens v. Toomey* (1959) 51 Cal.2d 864, 870-871 [338 P.2d 182]), an order staying execution of sentence is an order made after judgment within the meaning of the statute. (*People v. Mendevil* (1978) 81 Cal.App.3d 84, 87-88 [146 Cal.Rptr. 65]; *People v. Holly* (1976) 62 Cal.App.3d 797, 801-802 [133 Cal.Rptr. 331]; cf. *People v. Warner* (1978) 20 Cal.3d 678, 682, fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237].)

[3]Defendant asserts that the doctrine of invited error precludes the People from complaining of the trial court's application of section 654 to the sex offenses. We disagree. The doctrine of invited error applies to estop a party from asserting an error when "his

prosecutor thereafter changed his mind and moved the court to amend the judgment nunc pro tunc to vacate the stay of sentence on these convictions. After argument on February 16, 1977, the court refused to vacate the stay, stating that "given all the circumstances" it was satisfied with the original sentencing in that regard.

■ The People contend that section 654 does not preclude punishing for each sex offense, citing *People* v. *Hicks* (1965) 63 Cal.2d 764 [48 Cal.Rptr. 139, 408 P.2d 747]; *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1], and numerous Court of Appeal cases. (E.g., *People* v. *Robinson* (1977) 66 Cal.App.3d 624 [136 Cal.Rptr. 127]; *People* v. *Delgado, supra,* 32 Cal.App.3d 242, disapproved on other grounds in *People* v. *Rist* (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833]; *People* v. *Smith* (1971) 22 Cal.App.3d 197 [99 Cal.Rptr. 192]; *People* v. *Hurd* (1970) 5 Cal.App.3d 865 [85 Cal.Rptr. 718].) They assert that each sex offense was a separate and distinct act for which defendant may be separately punished. Defendant, on the other hand, argues that section 654 precludes punishment for more than one of the sex offenses on the ground that they were all committed with the single intent and objective of obtaining sexual gratification. (See *Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839].) He asserts that the cases relied on by the People are not based on a proper application of the single intent and objective test that was established in the *Neal* case.

Section 654 was enacted in 1872 and, insofar as here relevant, has never been amended. ■ The purpose of this legislative protection against punishment for more than one violation arising out of an "act or

own conduct *induces the commission of error."* (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 266, p. 4257 (italics in original); *People* v. *Delgado* (1973) 32 Cal.App.3d 242, 254 [108 Cal.Rptr. 399].) We do not think that the prosecutor's conduct may be characterized as having *induced* the ruling on the applicability of section 654. At most he acquiesced therein. Defense counsel first asserted the applicability of section 654 to the sex offenses under the intent and objective test. After argument on sentencing as to other counts, the prosecutor said: "I would be forced to agree at this point, however, that the other offenses, the sodomy charge and the two oral copulations did occur at the same basic time as the rape, in the same general time period with apparently similar and identical motive of sexual gratification; and that section 654 would preclude this court from imposing an additional sentence for these three charges . . . ."

Insofar as this could be interpreted as a waiver, the waiver doctrine does not apply to questions involving the applicability of section 654. Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal. (See e.g., *People* v. *Miller* (1977) 18 Cal.3d 873, 887 [135 Cal.Rptr. 654, 558 P.2d 552]; *People* v. *Milan* (1973) 9 Cal.3d 185, 189 [107 Cal.Rptr. 68, 507 P.2d 956]; *People* v. *Isenor* (1971) 17 Cal.App.3d 324, 335-336 [94 Cal.Rptr. 746].)

omission" is to insure that a defendant's punishment will be commensurate with his culpability. (See *Neal* v. *State of California, supra,* 55 Cal.2d at p. 20.) "Because of the many differing circumstances wherein criminal conduct involving multiple violations may be deemed to arise out of an 'act or omission,' there can be no universal construction which directs the proper application of section 654 in every instance." (*People* v. *Beamon* (1973) 8 Cal.3d 625, 636 [105 Cal.Rptr. 681, 504 P.2d 905]; see also *In re Hayes* (1969) 70 Cal.2d 604, 605-606 [75 Cal.Rptr. 790, 451 P.2d 430]; *In re Adams* (1975) 14 Cal.3d 629, 633 [122 Cal.Rptr. 73, 536 P.2d 473].) Although certain general principles may be distilled from prior decisions on section 654, we do not attempt in this case to determine their proper application to other than sex offenses.

The general principles on the applicability of section 654 have been thoroughly reviewed in a number of decisions. (See e.g., *Neal* v. *State of California, supra,* 55 Cal.2d 11; *In re Hayes, supra,* 70 Cal.2d 604; *People* v. *Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398]; *People* v. *Beamon, supra,* 8 Cal.3d 625.) ■ For our purposes, it is sufficient to observe that it is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. (*People* v. *Beamon, supra,* 8 Cal.3d at p. 637.) Whether a course of conduct is indivisible depends upon the intent and objective of the actor. (*Neal* v. *State of California, supra,* 55 Cal.2d at p. 19.) If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. (*Ibid.*) For example, the defendant in *Neal,* who attempted to murder a husband and wife by throwing gasoline into their bedroom and igniting it, could not be punished for both arson and attempted murder because his primary objective was to kill, and the arson was the means of accomplishing that objective and thus merely incidental to it.

On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct.[4] (*In re Adams, supra,* 14 Cal.3d at p. 634; *People* v. *Beamon,*

---

[4]As we noted in *Beamon,* the intent and objective test has a number of refinements. (8 Cal.3d at p. 638, fn. 10.) For example, a defendant who entertained but a single principal objective during an indivisible course of conduct may nevertheless be punished for

*supra,* 8 Cal.3d at pp. 638-639; *In re Hayes, supra,* 70 Cal.2d 604.) For example, in *Hayes,* we held that section 654 was inapplicable to a defendant who simultaneously drove while intoxicated (Veh. Code, § 23102) and with knowledge that his license was suspended (Veh. Code, § 14601). As we subsequently explained in *Beamon,* ". . . neither of the *Hayes* violations, though simultaneously committed, was a means toward the objective of the commission of the other. The objectives, insofar as the criminal conduct was concerned, were deemed by the [*Hayes*] majority to be to drive while intoxicated and to drive with a suspended license." (8 Cal.3d at p. 639.)

In determining the applicability of section 654 to the sex offenses in this case we thus focus on the question whether defendant should be deemed to have entertained single or multiple criminal objectives.

 Defendant asserts that the trial court properly found that his sole intent and objective was to obtain sexual gratification, and that since the evidence supports this finding, the trial court's ruling must be upheld.[5] We disagree. Such an intent and objective is much too broad and amorphous to determine the applicability of section 654. Assertion of a sole intent and objective to achieve sexual gratification is akin to an assertion of a desire for wealth as the sole intent and objective in committing a series of separate thefts. To accept such a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate the statute's purpose to insure that a defendant's punishment will be commensurate with his culpability. (See *Neal* v. *State of California, supra,* 55 Cal.2d at p. 20.) It would reward the defendant who has the greater criminal ambition with a lesser punishment. (See *Seiterle* v. *Superior Court* (1962) 57 Cal.2d 397, 403-406 [20 Cal.Rptr. 1, 369 P.2d 697] [conc. & dis. opn. of Schauer, J.].)

multiple convictions resulting from acts of violence against different victims. (*Neal* v. *State of California, supra,* 55 Cal.2d at pp. 20-21; *People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552].) As we explained in *Neal,* "The purpose of the protection against multiple punishment is to insure that the defendant's punishment will be commensurate with his criminal liability. A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person." (55 Cal.2d at p. 20.)

[5]Although the determination of whether the facts and circumstances reveal a single intent and objective within the meaning of section 654 is generally a factual matter, the dimension and meaning of section 654 is a legal question. "The applicability of a statute to conceded facts is a question of law." (*Neal* v. *State of California, supra,* 55 Cal.2d at p. 17.) We are concerned here with a question of law, not fact, in determining whether section 654 was properly applied in this case.

A defendant who attempts to achieve sexual gratification by committing a number of base criminal acts on his victim is substantially more culpable than a defendant who commits only one such act. We therefore decline to extend the single intent and objective test of section 654 beyond its purpose to preclude punishment for each such act. (See also *People* v. *James* (1977) 19 Cal.3d 99, 119 [137 Cal.Rptr. 447, 561 P.2d 1135] [separate burglaries of different offices in the same building may each be punished]; *People* v. *Massie* (1967) 66 Cal.2d 899, 908 [59 Cal.Rptr. 733, 428 P.2d 869] [defendant may not bootstrap himself into section 654 by claiming a series of robberies constituted a single course of conduct with one intent and objective].)

Our rejection of the broad and amorphous intent and objective asserted by defendant is consistent with *Neal* and with our past decisions on the applicability of section 654 to sex offenses. In *People* v. *Greer* (1947) 30 Cal.2d 589 [184 P.2d 512], we held that section 654 precluded punishment for both lewd and lascivious conduct and rape because the act giving rise to the lewd conduct, the removal of the victim's underclothing, was essentially part of the rape. In *People* v. *Slobodion, supra,* 31 Cal.2d 555, however, we held that section 654 did not preclude punishment for both lewd and lascivious conduct and oral copulation, even though both acts were closely connected in time and a part of the same criminal venture, because the act giving rise to the lewd and lascivious conduct was separate and distinct and was not incidental to or the means by which the oral copulation was accomplished. In *Neal* we noted that both *Greer* and *Slobodion* were consistent with the intent and objective test we were establishing there. Subsequently, in *People* v. *Hicks, supra,* 63 Cal.2d 764, we held that section 654 did not preclude separate punishment for two counts of oral copulation and one count of sodomy arising from the same criminal venture because each offense was a separate and distinct act and was not incidental to or the means by which any other offense was accomplished.[6] We indicated a similar view in *In re McGrew* (1967) 66 Cal.2d 685 [58 Cal.Rptr. 561, 427 P.2d 161], with regard to two counts of rape and one count of oral copulation.

In summary, we find no basis to depart from the cases relied on by the People and no basis under those cases for applying section 654 in this case. None of the sex offenses was committed as a means of committing

---

[6]The defendant in *Hicks* was also convicted of burglary in entering the victim's house to commit the sex offenses. Although we upheld separate punishment for each sex offense, we also held that section 654 precluded punishment for both the burglary and the sex offenses because the commission of the burglary was incident to and a means of perpetrating the sex offenses.

any other, none facilitated commission of any other, and none was incidental to the commission of any other. We therefore conclude that section 654 does not preclude punishment for each of the sex offenses committed by defendant.

### DEFENDANT'S APPEAL

Defendant contends that the trial court did not have the power to grant the People's motion pursuant to section 669 to amend the judgment on the ground that the amendment was made after his notice of appeal was filed.[7] ■ The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur. (*People* v. *Sonoqui* (1934) 1 Cal.2d 364 [35 P.2d 123]; *People* v. *Getty* (1975) 50 Cal.App.3d 101, 107 [123 Cal.Rptr. 704].) We need not determine whether in the present case this rule precluded the trial court from amending the judgment. (See Witkin, Cal. Crim. Procedure, Appeal, §§ 637-638, pp. 628-630.) In any event the judgment must be reversed for resentencing, and on remand the trial court will be free to redetermine the matter in light of our holding with respect to section 654.

Defendant also seeks review of the sufficiency of the evidence to support the jury's finding that he wilfully and intentionally inflicted great bodily injury on his victim in the course of the robbery. Such review, however, is precluded by virtue of the dismissal of defendant's appeal from the January 4, 1977, judgment.[8] (*Isenberg* v. *Sherman* (1932) 214 Cal. 722, 725-726 [7 P.2d 1006]; *People* v. *Stone* (1949) 93 Cal.App.2d 858, 861 [210 P.2d 78].)

Defendant's appeal from the January 4, 1977, judgment was dismissed by the Court of Appeal on February 18, 1977, pursuant to defendant's personal written request. By letter dated February 7, 1977, defendant stated that he desired to withdraw his appeal, that he was fully aware of

---

[7]Section 669 authorizes the court within 60 days after rendition of judgment to determine how a defendant's sentence shall run "with reference to the prior incompleted term or terms of imprisonment" if the court at the time of pronouncing judgment was unaware of such prior sentences or was aware of them but inadvertently failed to make the determination. (See *In re Calhoun* (1976) 17 Cal.3d 75, 80-83 [130 Cal.Rptr. 139, 549 P.2d 1235].)

[8]The dismissal of defendant's appeal and issuance of the remittitur did not foreclose defendant from appealing the trial court's modification of the judgment on February 16, 1977. Defendant filed a notice of appeal on April 11, 1977, which was timely as to the February 16 action. (See rule 2, Cal. Rules of Court.)

his rights and what he was waiving, that his court-appointed counsel had refused to honor his request that the appeal be withdrawn, and that any further attempts by counsel to pursue his appeal would be strictly against his wishes and desire. In response to this letter the Court of Appeal on February 18, 1977, ordered defendant's appeal dismissed and the remittitur issued forthwith. A few months later defendant moved for recall of the remittitur, but the Court of Appeal denied the motion on July 26, 1977.

Defendant may not now challenge the propriety of the dismissal of his appeal or of the denial of his motion to recall the remittitur, for he failed to file petitions for hearing from those orders which are now final. (See *George* v. *Bekins Van & Storage Co.* (1949) 33 Cal.2d 834, 850-851 [205 P.2d 1037].)

The judgment is reversed and the cause is remanded for resentencing in accordance with the views expressed herein.

Bird, C. J., Tobriner, J., Clark, J., and Richardson, J., concurred.

**MOSK, J.**—I dissent.

There is no question that defendant Perez, also known as War Eagle, committed several serious felonies, including a brutal sexual assault upon a 25-year-old female victim. The assault took place over a period of 45 minutes to an hour and took the form of rape (Pen. Code, § 261, subd. 3), sodomy (§ 286) and oral copulation (§ 288a). He deserves, and received, a long state prison sentence. The primary issue is whether the trial court abused its discretion in staying execution of sentence on three counts of sodomy and oral copulation.

Whether defendant committed acts which were separate and distinct, unrelated physically and differentiated in time, or were acts based on a single intent and objective and contained within a clearly defined time frame, is primarily a question of fact. The judge had presided at the jury trial and was familiar with the evidence; at time of sentencing he stated in effect that he was staying the sentence of defendant on three of the sex charges because they were part of one act "punishable in different ways." (§ 654.)

The trial judge thus made a factual determination that there was one intent and objective in the sexual misconduct of defendant. The

prosecutor originally agreed with the trial court,[1] only later suffering the equivalent of "plea remorse." My colleagues in the majority fall into error in reviewing and reweighing the evidence and reaching a different factual conclusion. This, I suggest, is not within the appellate prerogative.

The divisibility of acts in cases involving sexual misconduct is not easily susceptible of precise definition. (*People* v. *Greer* (1947) 30 Cal.2d 589, 600 [184 P.2d 512].) It is generally recognized that if several prohibited sex offenses are separate and distinct acts, a defendant may be punished separately for each offense. (*People* v. *Cline* (1969) 2 Cal.App.3d 989, 994 [83 Cal.Rptr. 246].) But there are no cases cited by the majority, nor have I found any, that preclude a *trial court,* pursuant to Penal Code section 654, from finding as a fact that a series of sexual offenses performed by one person on one person during a single time frame constitutes a single intent and objective.

Nevertheless the majority leap dextrously from a rule which declares a court *may* find several sex offenses to be separate acts to a unique holding that in effect the trial court *must* so find. In so doing my colleagues have permitted their understandable revulsion at the brutality of defendant to induce them to adopt a broad rule which threatens the independent fact-finding role of trial courts in emotionally charged sex cases. The melancholy aspect of this ill-advised result is that it is wholly unnecessary, because under previously prevailing law defendant's inevitable destiny was lengthy state prison confinement. Indeed, he is under sentence for armed robbery with great bodily injury, kidnaping, and rape, these sentences to run consecutively with others previously imposed. Certainly there is no pragmatic need to interfere with the trial court's exercise of its fact-finding function.

The majority strain Penal Code section 654 to reach their result, despite our interpretation of the statute in *Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], holding that it applies if there is but a single intent and objective. It seems elementary that intent and objective, single or multiple, are generally factual, not legal, determinations.

---

[1]At the time of sentencing, the prosecutor stated to the court: "I would be forced to agree at this point, however, that the other offenses, the sodomy charge and the two oral copulations did occur at the same basic time as the rape, in the same general room and in the same general time period with apparently similar and identical motive of sexual gratification; and that Section 654 would preclude this Court from imposing an additional sentence for those three charges . . . ."

A simple analogy may make the single intent and objective concept more readily understandable. If an armed robber holds up three persons and relieves each of his possessions, he may be punished for three separate offenses; he intended to commit three robberies for economic gain. (See *People* v. *James* (1977) 19 Cal.3d 99, 119 [137 Cal.Rptr. 447, 561 P.2d 1135] [burglary of three offices in one building].) But if an armed robber holds up one person, and removes a wallet from one pocket of the victim, money from another pocket, and a watch from his wrist, the criminal has not committed three punishable crimes, only one. His intent and objective was economic gain by robbing one victim of his possessions, however numerous and wherever located on the person the possessions may have been.

This defendant had one intent and objective: gratification of his unnatural sexual desires. The record reveals he so stated to the victim, and the trial court so found. That he achieved his objective of sexual gratification through three bodily techniques involving one victim in one time frame does not *compel* a trial court to find as a matter of law that there were three separate and distinct punishable offenses.

I would affirm the judgment of the trial court.

Newman, J., concurred.