Filed 2/17/15  P. v. Favano CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>ANTHONY F. FAVANO,<br><br>      Defendant and Appellant. | B254369<br><br>(Los Angeles County<br>Super. Ct. No. VA132373) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael A. Cowell, Judge.  Affirmed as modified.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald E. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \*

Defendant Anthony F. Favano was convicted of four counts of second degree commercial burglary (Pen. Code, § 459; counts 1, 2, 4 & 5) and one count of forgery (§ 476; count 3). The trial court found that defendant had served four prison priors. (§ 667.5, subd. (b).) Defendant was sentenced to a total of seven years in prison, consisting of the upper term of three years on count 1, with the remaining counts to run concurrently, and four years for the prison priors. Defendant's sole contention on appeal is that his sentence on the forgery count should be stayed (rather than ordered to run concurrently) pursuant to section 654. Respondent concedes the error, and we agree.

Given the limited scope of this appeal, we only briefly summarize the evidence at trial. On October 18, 2013, defendant tried to cash a forged check in a Bell Gardens branch of Chase bank. On October 21, 2013, defendant attempted to cash a forged check in a Chase bank in Montebello. Later that same day, he attempted to cash a forged check in a Citibank in Bell Gardens. Later still, he attempted to cash a different forged check at the Montebello Chase bank. The Chase teller called police, and defendant was arrested. Most of the checks were not made payable to defendant. Defendant testified that he knew the payees designated on the checks, and had accompanied them to the banks to have the checks cashed.

During closing argument, the prosecutor argued that the forgery count "goes to the possession of the forged checks. It goes to the possession of the forged check in Montebello. It can go to the possession of the forged check at the Citibank. And it can also go to the possession of the forged check at the Chase Bank . . . ." When sentencing defendant, the trial court did not make any findings as to whether defendant's conduct constituted a single act under Penal Code section 654.

Penal Code section 654 precludes multiple punishments for a single act or indivisible course of conduct punishable under more than one criminal statute. If all of the offenses are incident to one objective, the court must punish the defendant under the provision that provides for the longest potential term of imprisonment, but may not impose sentence for more than one offense. (*People v. Perez* (1979) 23 Cal.3d 545,

2

551; see also § 654, subd. (a).)  Respondent concedes that the "forgery and the burglaries were part of the same transaction, i.e., [defendant] entered the banks in an attempt to cash the forged checks . . . ."  Finding that respondent's concession is well taken, we remand with instructions to stay defendant's sentence on count 3, and as so modified, we affirm the judgment.

## DISPOSITION

The judgment is affirmed, as modified.  The superior court is directed to stay the sentence on count 3 under Penal Code section 654, and to prepare an amended abstract of judgment, and forward a certified copy of the same to the Department of Corrections and Rehabilitation.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

3