Filed 6/30/16  P. v. Fajardo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIA DEL CARMEN GRANADOS FAJARDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B261612<br>(Super. Ct. No. F491809)<br>(San Luis Obispo County) |

Maria del Carmen Granados Fajardo was convicted by a jury of second degree murder (Pen. Code, § 187, subd. (a)),[1] robbery (§ 211), and assault with a deadly weapon (§ 245, subd. (a)(1)).  The trial court sentenced Fajardo to 15 years to life on the murder, the upper term of five years for the robbery and a consecutive one year (one third the middle term) for the assault, for a total of 21 years to life.

On appeal, Fajardo contends the one-year term for assault must be stayed pursuant to section 654.  We affirm.

FACTS

Fajardo lived in the Oak Park Apartments in Paso Robles.  Victor Sanchez also lived in the apartment complex.  At some point they began a romantic relationship.  They lived together for several years.  Their relationship ended in 2010 when Sanchez

---

[1] All statutory references are to the Penal Code unless otherwise stated.

moved to a different home in Paso Robles. Even after their romantic relationship ended, they kept in touch.

In 2012, Fajardo asked her former brother-in-law, David Hernandez, to beat up Sanchez. Fajardo offered to pay Hernandez. Crystal Garner and Joseph Villareal became involved in the plot. They planned to break Sanchez's leg and injure his face.

Fajardo said she would not pay unless the assailants provided proof of the assault. The assailants planned to take Sanchez's wallet and cell phone as proof.

Pursuant to the plan, Garner invited Sanchez to meet her at a bar. Sanchez went to the bar to meet her. Garner and Sanchez left the bar in Sanchez's car, with Garner driving and Sanchez as a passenger. Hernandez and Villareal followed in Hernandez's car. Garner pulled off the road and Hernandez used his car to block Sanchez's car.

Villareal got out of Hernandez's car and hit the top of Sanchez's car with a crowbar. Villareal screamed at Sanchez to get out of the car. Villareal pulled Sanchez out of the car and struck him numerous times with the crowbar. Garner screamed for Villareal to get Sanchez's wallet and cell phone. Sanchez tried to hand over his wallet, but Villareal continued to beat him anyway. Garner saw a light moving in their direction. She took Sanchez's wallet and cell phone. Garner and Villareal got into Hernandez's car and left Sanchez at the scene.

Hernandez drove to Fajardo's house and delivered Sanchez's wallet and cell phone. Fajardo gave Hernandez $6,000. Hernandez gave Villareal and Garner $1,000.

About two weeks after the assault, Fajardo visited Hernandez at his house. She complained that the assault on Sanchez was inadequate because the agreement had been to break Sanchez's leg. Fajardo offered Hernandez $25,000 to "take [Sanchez] out." Hernandez hired three men to shoot Sanchez in the kneecap. Sanchez was shot and killed at his home.

## DISCUSSION

Fajardo contends her consecutive one-year sentence for assault with a deadly weapon should be stayed pursuant to section 654.

Section 654 bars multiple punishments for conduct that violates more than one statute but constitutes an indivisible transaction. (*People v. Perez* (1979) 23 Cal.3d 545, 551.) Where, however, the defendant had multiple criminal objectives, he may be punished for independent violations committed pursuant to each objective. (*In re Adams* (1975) 14 Cal.3d 629, 634.) Whether a transaction is divisible or indivisible is a question for the trial court based on the facts of each case. (*People v. Herrera* (1999) 70 Cal.App.4th 1456, 1466.)

Fajardo argues the robbery and assault constituted an indivisible transaction. But the trial court found the offenses had different objectives. The evidence supports the trial court's finding. The assault was committed with the objective of physically hurting Sanchez. The robbery of Sanchez's cell phone and wallet was committed with the separate objective of proving the assault took place. The assault continued even after Sanchez attempted to surrender his wallet. Section 654 does not bar punishment for both the robbery and the assault.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:



YEGAN, J.



TANGEMAN, J.


3

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____


Susan Pochter Stone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.