Filed 11/18/25  P. v. Bradley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100799 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE016041) |
| v. | |
| MICHAEL ANTHONY BRADLEY, | |
| Defendant and Appellant. | |

Defendant Michael Anthony Bradley was convicted of six counts of lewd and lascivious conduct.  In a pretrial proceeding, the trial court ruled that it would allow expert witness Dr. Blake Carmichael to testify regarding Child Sexual Abuse Accommodation Syndrome (CSAAS).  Defense counsel asked the trial court to instruct the jury with CALCRIM No. 1193, which explains the permissible scope of CSAAS testimony.

On appeal, defendant claims that Dr. Carmichael's testimony, combined with CALCRIM No. 1193, violated his right to a fair trial and due process by creating an impermissible inference of guilt.  We do not reach the merits of defendant's argument.  First, we find that defendant is barred from challenging the jury instruction because any

1

error was invited by defense counsel's decision to request the instruction. Second, to the extent that defendant challenges the CSAAS evidence, he has forfeited the argument. We affirm the judgment.

## BACKGROUND

Defendant was charged with six counts of lewd and lascivious conduct involving two children. (Pen. Code, § 288, subds. (a), (b)(1).)[1] Before trial, the parties disagreed on the admissibility of Dr. Carmichael's testimony on CSAAS. Defendant argued that the testimony was not "needed" in this case because "the jury is well aware that children may not disclose right away," therefore negating any need for expert testimony on the subject. He also expressed concern that the CSAAS testimony would encourage jurors to find defendant guilty, even though "there's a jury instruction [CALCRIM No. 1193] that talks about this, about how the jury may view Dr. Carmichael's testimony."

The People countered that the CSAAS evidence was necessary in this case because the victims failed to disclose the molestation incidents despite having multiple opportunities to do so, which jurors may see as "inconsistent" behavior. The People also mentioned that CALCRIM No. 1193 "does a very good job of telling the jury just because the [victims] have these characteristics doesn't supplant the duty of the jury of determining whether the facts are true."

Defense counsel responded that, even with the instruction, he was concerned the jury could still "misus[e]" the testimony from Dr. Carmichael. He continued, "But the defense always has some concerns about how that testimony will be taken, even in light of the fact there's a jury instruction directing the jury how to use such testimony."

In allowing Dr. Carmichael to testify, the trial court stated, "I think it's probably preferred that the [jury] get instructed on how they can view that expert testimony. So

---

[1] Further undesignated section references are to the Penal Code.

2

even though it's not sua sponte, my inclination would be to give [CALCRIM No. 1193]. Right?" The People responded, "That would be my request," and defense counsel echoed, "And the defense would request that as well."

A jury convicted defendant of six counts of lewd and lascivious conduct and found several aggravating circumstances to be true. (§ 288, subds. (a), (b)(1).) Defendant was sentenced to a determinate term of 50 years.

Defendant timely appealed.

## DISCUSSION

### I

### *CALCRIM No. 1193*

#### A. *Invited Error*

On appeal, defendant contends that Dr. Carmichael's testimony, combined with CALCRIM No. 1193, violated his right to a fair trial and due process by creating an impermissible inference of guilt. Defense counsel, however, asked the trial court to instruct the jury with CALCRIM No. 1193. We therefore requested supplemental briefing on whether the trial court's alleged error in instructing the jury with CALCRIM No. 1193 was invited by defense counsel's request.

Defendant makes three arguments in his supplemental brief: (1) the doctrine of invited error does not apply because CALCRIM No. 1193 is required to be given by the trial court sua sponte; (2) the instructional error was not invited by defense counsel because his request was superfluous; and (3) if the error was invited, counsel was ineffective for failing to be more specific in his request for the instruction. The People contend that any instructional error was invited by defense counsel. The People have the better argument.

The doctrine of invited error applies "to estop a party from asserting an error when 'his own conduct induces the commission of error.' " (*People v. Perez* (1979) 23 Cal.3d 545, 549-550, fn. 3, italics omitted.) In the jury instruction context, the invited error

3

doctrine has limited application because of the trial court's separate sua sponte duty to correctly and completely instruct the jury. (*People v. Graham* (1969) 71 Cal.2d 303, 318-319.) "The invited error doctrine will not preclude appellate review if the record fails to show counsel had a tactical reason for requesting or acquiescing in the instruction. [Citation.]" (*People v. Moon* (2005) 37 Cal.4th 1, 28.)

Generally, absent a request from defendant, a trial court has no sua sponte duty to give a limiting instruction. (*People v. Smith* (2007) 40 Cal.4th 483, 516.) But, as defendant acknowledges, there is a split in authority on whether a trial court has a sua sponte duty to instruct on CALCRIM No. 1193, with the majority of cases holding the trial court has no such duty and only one case holding to the contrary. (*People v. Mateo* (2016) 243 Cal.App.4th 1063, 1073-1074 (*Mateo*) [instruction required only on request]; *People v. Sanchez* (1989) 208 Cal.App.3d 721, 735 [same], disapproved on other grounds in *People v. Jones* (1990) 51 Cal.3d 294, 307; *People v. Stark* (1989) 213 Cal.App.3d 107, 116 [same]; *People v. Bothuel* (1998) 205 Cal.App.3d 581, 587-588 [same], disapproved on other grounds in *People v. Scott* (1994) 9 Cal.4th 331, 347-348; see also *People v. Humphrey* (1996) 13 Cal.4th 1073, 1088, fn. 5; *id.* at pp. 1090-1091 (conc. opn. of Baxter, J.); *id.* at p. 1100 (conc. opn. of Brown, J.) [a limiting instruction on battered woman's syndrome is required only on request]; but see *People v. Housley* (1992) 6 Cal.App.4th 947, 958-959 [finding a sua sponte duty to give a limiting instruction similar to CALCRIM No. 1193].)

We agree with the weight of authority and conclude that the invited error doctrine does apply to CALCRIM No. 1193. Indeed, the Legislature has determined that limiting instructions need not be given sua sponte. (*Mateo, supra,* 243 Cal.App.4th at p. 1071, citing Evid. Code, § 355 [a court is required upon request to instruct the jury as to the limited purpose for which evidence may be considered when it is admissible for one purpose and inadmissible for another].) In addition, the Legislature has determined that, with regard to expert testimony, CALCRIM No. 332 is the only instruction trial courts are

4

required to give sua sponte.  (*Mateo,* at p. 1072, citing § 1127b.)  Here, the jury was instructed with CALCRIM No. 332.  Consequently, the trial court was not required to give any other limiting instruction on expert testimony.

*Housley* is the only decision that reaches a different conclusion, but we do not find its reasoning persuasive.  In *Housley*, the court reasoned that because of the potential misuse of CSAAS evidence and the resulting prejudice to the defendant, in all cases in which an expert is called to testify regarding CSAAS, the trial court has a sua sponte duty to instruct that, "(1) such evidence is admissible solely for the purpose of showing the victim's reactions as demonstrated by the evidence are not inconsistent with having been molested; and (2) the expert's testimony is not intended and should not be used to determine whether the victim's molestation claim is true."[2]  (*People v. Housley, supra,* 6 Cal.App.4th at pp. 958-959.)

In reaching this conclusion, the *Housley* court relied on the appellate court's decision in *People v. Bowker* (1988) 203 Cal.App.3d at pages 385, 394, which concluded that when an expert testifies about CSAAS, the jury should be instructed on the proper parameters of the evidence.  But as the court in *Mateo* pointed out, "[w]hether the *Bowker* court intended to hold that the limiting instruction must be given sua sponte is unclear, as the opinion does not expressly discuss the point."  (*Mateo, supra,* 243 Cal.App.4th at p. 1073.)  To the extent there is any ambiguity in the *Bowker* decision on this point, the same court subsequently held in three cases that the CSAAS limiting instruction must be given only if requested.  (*People v. Stark, supra,* 213 Cal.App.3d at p. 116; *People v. Sanchez, supra,* 208 Cal.App.3d at p. 735; *People v. Bothuel, supra,* 205 Cal.App.3d at pp. 587-588.)  Like the court in *Mateo*, we are "confident" these cases

---

[2]    *Housley* was decided before CALCRIM No. 1193 was adopted, but this language is consistent with the instruction.

shed light on the scope of the *Bowker* decision insofar as it does not hold there is a sua sponte duty to give a limiting instruction on CSAAS. (*Mateo,* at p. 1073.)

Additionally, the holding in *Housley* conflicts with our Supreme Court's decision in *Humphrey*: "If the prosecution offers the battered women's syndrome evidence, an additional limiting instruction might also be appropriate on request, given the statutory prohibition against use of this evidence 'to prove the occurrence of the act or acts of abuse which form the basis of the criminal charge.' " (*People v. Humphrey, supra,* 13 Cal.4th at p. 1088, fn. 5.) Like CSAAS, battered women's syndrome "explain[s] that victims' 'seemingly self-impeaching' behaviors—e.g., delayed disclosure, returning to the home—are consistent with their claims of having been beaten, raped, or sexually molested." (*Mateo, supra,* 243 Cal.App.4th at p. 1073.) We agree and see no reason why a duty to instruct should be imposed for CSAAS evidence, as defendant suggests, but not for battered women's syndrome evidence.

In addressing the *Humphrey* decision, defendant "note[s] that *Humphrey* involved evidence introduced by the defense, and the holding was applied to the prosecution, not to an individual with a due process right to liberty at stake." Defendant fails to expand on this point or support it with any legal argument and relevant citation to authority; we therefore treat any point defendant was trying to make as forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration' "]; *People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8 ["We need not consider such a perfunctory assertion unaccompanied by supporting argument"].)

We thus conclude that a limiting instruction on CSAAS evidence needs to be given only if requested. As such, the invited error doctrine applies to this case in which defendant made a conscious and deliberate tactical choice to request CALCRIM No. 1193.

6

At trial, the People asked that the trial court admit Dr. Carmichael's testimony about CSAAS evidence. Defense counsel objected, arguing the jury would misuse or misunderstand the CSAAS evidence even if it were instructed with CALCRIM No. 1193. When the trial court decided to admit the CSAAS evidence, defense counsel wanted to make every effort to ensure that the jury would not misuse or misunderstand the CSAAS evidence, and thus agreed with the People's request to have the trial court instruct the jury with CALCRIM No. 1193. Defendant thus invited the error by making this deliberate and tactical choice to concur in the request for the challenged instruction.

Defendant claims he did not invite the error because the trial court was "compelled" to give CALCRIM No. 1193 once the People requested it. Although not entirely clear, it seems defendant is suggesting that his subsequent request for the instruction was superfluous or futile. To the extent this is defendant's argument, we reject it. As noted above, in its ruling to admit the CSAAS evidence, the trial court stated, "I think it's probably preferred that the [jury] get instructed on how they can view that expert testimony. So even though it's not sua sponte, my inclination would be to give [CALCRIM No. 1193]. Right?" These statements and the follow-up question signaled to the parties that the trial court would entertain argument on the subject. Thus, there is nothing on this record to suggest the trial court would not have considered an objection by counsel if he had made one. His request for the instruction was therefore not superfluous or futile.

B.     *Ineffective Assistance of Counsel*

We likewise reject defendant's alternative argument that his attorney was ineffective. To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice

7

. . . that course should be followed." (*Id*. at p. 697.) It is not enough to establish prejudice for defendant to propose that counsel's performance had some "conceivable effect" on the outcome; rather, defendant must show a reasonable probability of a different result but for counsel's errors. (*Id*. at pp. 693-694.) Prejudice must be a demonstrable reality based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel. (*People v. Williams* (1988) 44 Cal.3d 883, 933; *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.)

Defendant has not articulated any argument to establish that he was prejudiced by his attorney's deficient performance. Indeed, defendant fails to mention prejudice at all. Instead, the entirety of his argument on ineffective assistance is that there was "no tactical reason for counsel's failure to inform the court his request for the instruction did not include a request for the modified language in September of 2022" and that his attorney "could have requested that the trial court strike that language before giving the instruction." Even assuming these alleged failures establish that counsel was deficient, defendant has failed to demonstrate a reasonable probability of a different result but for these errors.

## II

### *CSAAS Evidence*

Embedded in defendant's challenge to the jury instruction are arguments that the admission of CSAAS evidence was improper because the prosecution's questions about that evidence mirrored the facts and circumstances of this case. To the extent defendant contends the trial court erred by admitting the CSAAS evidence, he has forfeited that claim.

Rule 8.204(a)(1)(B) of the California Rules of Court requires an appellate brief to "[s]tate each point under a separate heading or subheading summarizing the point." The heading for the argument section in defendant's opening brief states, "The instruction improperly allowed the jury to conclude D. and M. were molested by [defendant] based

8

on the consistency between their behaviors and those identified in the CSAAS testimony." (Boldface & some capitalization omitted.) No heading in the brief asserts the CSAAS evidence was inadmissible. "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

DISPOSITION

The judgment is affirmed.

_____\s\_____
Krause, Acting P. J.

We concur:

_____\s\_____
Mesiwala, J.

_____\s\_____
Wiseman, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.