Filed 3/5/13 P. v Ramirez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G047015 |
|      v. | (Super. Ct. No. 11CF2299) |
| ISRAEL RAMIREZ, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge. Affirmed as modified.

John N. Aquilina, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Sharon L. Rhodes, Deputy Attorney General, for Plaintiff and Respondent.

\*                  \*                  \*

THE COURT:[*]

Defendant Israel Ramirez appeals his sentence following his conviction by a jury on charges of second-degree robbery, use of a deadly weapon, and assault with a deadly weapon.

His sole argument on appeal, which the Attorney General concedes, is that the trial court violated his constitutional right to due process when it improperly imposed a six-year sentence for assault with a deadly weapon concurrent with a robbery count, because both acts constituted an indivisible course of conduct with a single objective. Defendant contends that the court should have stayed the six-year sentence imposed for the deadly weapon assault count pursuant to Penal Code section 654.[1]

We agree with defendant that the sentence on this count should have been stayed pursuant to section 654, and we affirm the judgment as modified.


I

Facts and Proceedings

Defendant was convicted by a jury as to count 1 of second degree robbery and personal use of a deadly weapon. As to count 2, he was convicted of assault with a deadly weapon. As to count 1, he was sentenced to seven years, or the midterm of three years which was doubled under the "Three Strikes" law, plus a consecutive one-year term for the personal use enhancement. As to count 2, assault with a deadly weapon, he was sentenced to a concurrent six-year term. He was also sentenced to a consecutive five-year term for a prior serious felony, plus an additional one year for a prior prison enhancement, for a total term of 13 years in state prison.

---

[*]  Before Rylaarsdam, Acting P. J., Bedsworth, J., and Thompson, J.

[1]  All statutory references are to the Penal Code unless otherwise stated.

*Facts of the Case*

On August 17, 2011, Lemont Larkins (hereinafter Larkins) parked his vehicle in the small parking lot located in front of the A&S Market in Santa Ana, and entered the store to purchase $25 worth of lottery tickets. He purchased his tickets and left the store holding a $50 bill in his hand. As he walked towards his car, he saw a man on a bicycle blocking his driver's side door. At the same time, defendant walked up to him and snatched the $50 bill out of his hand.

Larkins asked defendant for his money back. In response, defendant struck Larkins in his right eye, and then almost immediately proceeded to pull out a sharp object from his pocket that was described by Larkins as being either a screwdriver or a knife. Defendant began jabbing the weapon at Larkins to stab him. Larkins tried to hold the defendant back to prevent himself from being stabbed.

While defendant was jabbing his weapon at Larkins, the man who was on the bicycle rode away. Then, three other men jumped out of two separate vehicles and rushed at Larkins in an attempt to "bum rush" or "jump" him to get him down on the ground. Shortly thereafter, defendant and the other three assailants jumped in two separate cars and drove away.

Larkins called the police, and defendant was subsequently apprehended.

II

Discussion

*Count 2 Should Have Been Stayed Pursuant to Section 654*

Defendant contends, and the Attorney General concedes, that the six-year term imposed for count 2 should have been stayed pursuant to section 654 rather than run concurrently, because section 654 prohibits punishment for separate crimes arising out of an indivisible course of conduct sharing the same intent and objective. We agree.

Section 654 precludes multiple punishments for a single act or indivisible course of conduct. (*People v. Hester* (2000) 22 Cal.4th 290, 294.) In reviewing a trial court's sentencing decision, we give deference to the trial court's factual findings. "'The question of whether the acts of which defendant has been convicted constitute an indivisible course of conduct is primarily a factual determination, made by the trial court on the basis of its findings concerning the defendant's intent and objective in committing the acts. This determination will not be reversed on appeal unless unsupported by the evidence presented at trial.' [Citation.]" (*People v. Nichols* (1994) 29 Cal.App.4th 1651, 1657.)

To determine whether a course of conduct is indivisible, courts consider the intent and objective of the defendant. If all of the criminal acts were incident to a single criminal objective, the court may impose punishment only as to one of the offenses committed. (*People v. Beamon* (1973) 8 Cal.3d 625, 636-637.) On the other hand, if the evidence discloses a defendant entertained multiple criminal objectives independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct. (*People v. Perez* (1979) 23 Cal.3d 545, 551-552; *People v. Latimer* (1993) 5 Cal.4th 1203, 1211-1212.)

Here, the assault was an indivisible part of the robbery. Defendant snatched a $50 bill out of Larkins' hand. When Larkins asked for his money back, defendant responded by immediately punching him in the face and then pulling out a sharp object which was either a knife or a screwdriver. Defendant jabbed the weapon at Larkins to perpetrate the robbery, or to prevent him from trying to get his money back. When an assault is committed as the means of perpetrating a robbery, section 654 requires the sentence for the assault to be stayed. (*In re Jesse F.* (1982) 137 Cal.App.3d 164, 171.)

Accordingly, we do so here.

4

### III

### Disposition

The judgment is modified to reflect that the sentence imposed as to count 2 is stayed pursuant to section 654.  As modified the judgment is affirmed.  The trial court is directed to send a corrected abstract of judgment to the Department of Corrections.