Filed 12/22/14  P. v. Chenda CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LACHAPELLE LORN CHENDA,<br><br>    Defendant and Appellant. | D064735<br><br><br><br>(Super. Ct. Nos. SCD243991,<br> SCD246610) |

APPEAL from a judgment of the Superior Court of San Diego County, Frederick L. Link, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Lachapelle Chenda guilty of numerous crimes committed over a two-year period, including: 11 counts of robbery, one count of burglary, one count of attempted robbery, one count of receiving, concealing, or withholding a stolen vehicle, and one count of acquiring access cards of four or more persons. (Pen. Code, §§ 211, 459, 664, 496d, 484e, subd. (b).)[1] On the burglary and robbery counts, the jury found true that Chenda was armed with, and/or personally discharged or used, a firearm. Chenda admitted to allegations that he was previously convicted of a serious felony prior and a strike prior. (§§ 667, subd. (a)(1), 668, 1192.7, 667, subds. (b)-(i), 1170.12.) The court imposed a sentence of 65 years.

Chenda raises a single appellate issue. He claims his sentence on count 14 violates section 654. On count 14, the jury found Chenda guilty of violating section 496d: receiving, concealing, or withholding a stolen vehicle. The court imposed a one-year four month consecutive sentence for this crime. Chenda contends this sentence should have been stayed under section 654 because the crime was part of the robbery offenses he committed at a different location against different victims several hours after the vehicle was stolen (counts 8 through 13). We reject this contention and affirm.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2012, Gary Hoover parked his Honda vehicle in a gym parking lot in Mission Valley at about 8:05 p.m. Hoover had 12 violins in the trunk. He also had a

---

[1]     All further statutory references are to the Penal Code.

2

backpack in the passenger area. When Hoover returned to the parking lot around 10:00 p.m., his car was missing.

About two hours later, Chenda and another man entered the Koon Thai Kitchen restaurant in the Kearny Mesa neighborhood (less than 10 miles away from Mission Valley), wearing masks and displaying guns. Pointing the guns at the customers, the men took money from the cash register, and took phones and money from five different employees and customers, and attempted to do so from one additional customer. The men then ran out the front door and drove away in Hoover's vehicle. Just before 1:00 a.m., police officers recovered the stolen vehicle in a parking lot near the restaurant. A phone case from one of the stolen phones was found near the car. Chenda's DNA was found on a glove found in the car. Hoover's violins and backpack were missing.

In counts 8 through 12, Chenda was found guilty of robberies of five individuals who were at the Koon Thai Kitchen restaurant. In count 13, Chenda was found guilty of attempted robbery of an additional customer at the restaurant. In each of these counts, the jury found that Chenda was armed with a handgun. (§ 12022, subd. (a)(1).)

In count 14, the jury found Chenda guilty of buying, receiving, selling, or withholding Hoover's stolen vehicle in violation of section 496d.

The court selected count 1 (a January 2011 robbery) as the principal count, and imposed the upper term of five years doubled plus 20 years for a firearm discharge finding. The court imposed consecutive sentences on the additional counts. Of relevance here, the court imposed two-year consecutive sentences for each of the Koon Thai Kitchen robberies and 16 months for the attempted robbery (plus four months for each of

3

the firearm enhancements).  The court imposed a 16-month sentence for the receiving

stolen property crime (count 14).

DISCUSSION

Chenda contends the court erred in failing to stay his sentence on count 14 under

section 654.  Although he did not raise the issue below, the waiver doctrine does not

apply to section 654 challenges.  (*People v. Perez* (1979) 23 Cal.3d 545, 549-550, fn. 3.)

I.  *Applicable Legal Principles*

Section 654 provides in relevant part:  "An act or omission that is punishable in

different ways by different provisions of law shall be punished under the provision that

provides for the longest potential term of imprisonment, but in no case shall the act or

omission be punished under more than one provision."  (§ 654, subd. (a).)

The code section " 'precludes multiple punishment for a single act or omission, or

an indivisible course of conduct.' [Citation.]  ' "Whether a course of criminal conduct is

divisible and therefore gives rise to more than one act within the meaning of section 654

depends on the *intent and objective* of the actor.  If all of the offenses were incident to

one objective, the defendant may be punished for any one of such offenses not for more

than one."  [Citation.]'  [Citation.]  If the court makes no express findings on the issue, as

happened here, a finding that the crimes were divisible is implicit in the judgment and

must be upheld if supported by substantial evidence.  [Citation.]  Thus, '[w]e review the

trial court's findings "in a light most favorable to the respondent and presume in support

of the order the existence of every fact the trier could reasonably deduce from the

evidence.  [Citation.]" ' [Citation.]"  (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717.)

4

The court did not err in imposing the sentence on count 14. The trial court could have reasonably concluded that Chenda had multiple and distinct objectives in committing the receiving stolen property crime and in committing the armed robbery crimes. The vehicle was taken in Mission Valley between 8:00 p.m. and 10:00 p.m. Although Chenda was not specifically charged with taking the vehicle, it is reasonable to infer that he took possession of the stolen vehicle during those hours or shortly thereafter. Several hours later, about midnight, Chenda entered the Koon Thai Kitchen restaurant and committed the robberies (and attempted robbery) against the six individuals. Under these facts, the court could have reached a reasonable conclusion that Chenda's objective in taking possession of the stolen vehicle was to either obtain the personal property inside the vehicle and/or to use the stolen vehicle for transportation to locations other than (or in addition to) the Koon Thai Kitchen restaurant. Because these objectives are different from Chenda's purpose in committing the robberies, section 654 is inapplicable.

Further, "multiple crimes are not one transaction [for purposes of section 654] where the defendant had a chance to reflect between offenses and each offense created a new risk of harm." (*People v. Felix* (2001) 92 Cal.App.4th 905, 915.) "Under section 654, a course of conduct divisible in time, though directed to one objective, may give rise to multiple convictions and multiple punishment 'where the offenses are temporally separated in such a way as to afford the defendant opportunity to reflect and renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken.' [Citation.]" (*People v. Lopez, supra*, 198

5

Cal.App.4th at pp. 717-718; accord *People v. Petronella* (2013) 218 Cal.App.4th 945, 964; see also *People v. Trotter* (1992) 7 Cal.App.4th 363, 367-368.)

The amount of time between the time the vehicle was stolen and the time the robberies occurred (somewhere between two and four hours) was sufficient for Chenda to reflect upon what he had already accomplished (received a stolen vehicle with various personal items) and what he was about to do (armed robberies of customers and employees inside a restaurant in Kearny Mesa). Although the record does not show exactly the time at which Chenda received the vehicle, the court could reasonably infer that he received it at or near the time it was stolen, or at least a sufficient time before he entered the restaurant to permit him to reflect upon his acts.

In support of his argument that the only reasonable interpretation of the evidence is that he received the stolen car for the sole purpose of facilitating the Koon Thai Kitchen robberies, Chenda relies on a statement in the prosecutor's closing argument in which the prosecutor suggested that the purpose of Chenda and his accomplice in stealing the Honda was to "use it to [hide] their identit[ies]" during the subsequent robbery.

Although this may have been one of Chenda's purposes, the court was entitled to conclude that Chenda had other objectives, particularly given the time difference between the vehicle taking and the robberies, and the fact that the personal items were no longer in the vehicle after it was found following the robberies. A reasonable factfinder could conclude that Chenda took possession of the stolen vehicle because he wanted to obtain the contents of the vehicle and/or wanted to use the stolen vehicle to transport himself to another location, in addition to using the vehicle to commit the Koon Thai Kitchen

6

robberies later that evening.  Additionally, the evidence supports that Chenda had the opportunity to reflect between obtaining the stolen vehicle and entering the Koon Thai Kitchen restaurant to commit the robbery crimes against the six individuals.

Chenda's reliance on *People v. Cooper* (1991) 53 Cal.3d 1158 is unhelpful. *Cooper* stands for the proposition that the commission of robbery continues until the stolen property is carried away to a place of temporary safety.  (*Id.* at p. 1165.)  This rule does not preclude a finding that Chenda had multiple and distinct objectives when he committed the receiving stolen property offense and when he committed the armed robberies.  The commission of the robberies and the receiving stolen property created a substantially greater risk of harm than if Chenda had committed only one set of crimes, warranting separate punishment.

## DISPOSITION

Judgment affirmed.

HALLER, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McINTYRE, J.

7