[No. C056780. Third Dist. Dec. 16, 2008.]

In re NOELLE M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
NOELLE M., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I, III and IV of the Discussion.

COUNSEL

Tim Warriner, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MORRISON, J.**—Noelle M. (the minor) appeals from an order of the Lassen County Juvenile Court declaring her a ward of the court and committing her to the Department of Juvenile Justice (DJJ) based upon her

admission of two counts of involuntary manslaughter (Pen. Code, § 192, subd. (b) (counts I, II)), one count of conspiracy to sell methadone (Pen. Code, § 182, subd. (a)(1) (count III)), and five counts of selling methadone (Health & Saf. Code, § 11352, subd. (a) (counts XI–XV)).

On appeal, the minor contends the court violated Penal Code section 654[1] by sentencing her for both conspiracy to sell methadone and selling methadone, and by imposing separate sentences for the five counts of selling methadone. She also contends the trial court improperly calculated both her maximum period of confinement and her precommitment credits. We agree that the court erred as claimed in the minor's first, third and fourth contentions, but disagree that she was improperly sentenced on the five sale counts.

## FACTS

As to the eight counts the minor admitted, the facts are uncontested. The minor and Ryan F. conspired to steal the latter's grandmother's methadone pills and sell them to other juveniles at a high school homecoming football game. The minor sold pills to seven students, two of whom died from overdosing.

The court determined the minor's maximum period of confinement was 13 years four months, calculated as follows: The upper term of four years for the manslaughter in count I; a consecutive term of 16 months for the manslaughter in count II; a consecutive term of 16 months for the conspiracy in count III; and five consecutive terms of 16 months for each of the five sales in counts XI through XV.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

The minor contends that sentencing her to consecutive terms for each of the five sales counts is prohibited by section 654 because "all of the counts of furnishing Methadone were pursuant to a single objective, i.e., furnishing of the drug at the football game, and represent an indivisible course of conduct." The minor is incorrect.

---

[1] Hereafter, any undesignated statutory references are to the Penal Code.

*See footnote, *ante*, page 193.

"[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. [Citation.] Whether a course of conduct is indivisible depends upon the intent and objective of the actor. [Citation.] If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. [Citation.] . . . [¶] On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct. [Citations.]" (*People v. Perez* (1979) 23 Cal.3d 545, 551–552 [153 Cal.Rptr. 40, 591 P.2d 63], fn. omitted (*Perez*).)

The minor views her circumstances as having a single objective, to wit, the sale of the methadone pills, which was accomplished during a single course of conduct, to wit, selling them during the football game. The minor's concept of a single objective in these circumstances is too broad.

Although neither party has cited any case directly on point, and our research has disclosed none, *Perez, supra*, 23 Cal.3d 545, provides appropriate guidelines. There, the defendant enticed a female into his apartment and over the next 45 minutes to an hour engaged in, inter alia, acts of oral copulation, sodomy and rape. (*Id.* at p. 549.) As is pertinent here, the trial court sentenced the defendant to consecutive sentences for two rapes, but, pursuant to section 654, stayed execution of the sentences for the two counts of forcible oral copulation and the two counts of forcible sodomy because the court concluded that the oral copulations and sodomies were committed to obtain the objective of "sexual gratification." (23 Cal.3d at pp. 548, 552.)

The Supreme Court disagreed, reasoning as follows: "Such an intent and objective is much too broad and amorphous to determine the applicability of section 654. Assertion of a sole intent and objective to achieve sexual gratification is akin to an assertion of a desire for wealth as the sole intent and objective in committing a series of separate thefts. To accept such a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate the statute's purpose to insure that a defendant's punishment will be commensurate with his culpability. [Citation.] It would reward the defendant who has the greater criminal ambition with a lesser punishment. [Citation.] [¶] A defendant who attempts to achieve sexual gratification by committing a number of base criminal acts on his victim is substantially more culpable than a defendant who commits only one such act. We therefore decline to extend the single intent and objective test of section 654 beyond its purpose to preclude punishment for each such act." (*Perez, supra*, 23 Cal.3d at pp. 552–553.)

■ Here, by parity of reasoning with *Perez, supra,* 23 Cal.3d 545, the minor's claim that her sole objective was to sell the pills to other juveniles at a football game is too broad for purposes of section 654 because her culpability increased with each illegal act of selling the methadone pills. Each sale was unique and constituted a separate objective. Consequently, section 654 does not preclude the sentencing for each act of sale.

The minor claims that her circumstances "are most analogous to [those of] *People v. Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637]." We disagree.

In *Bauer*, by ruse the defendant and an accomplice gained entrance to the home of three elderly women, blindfolded them, tied them up, ransacked the home and took items belonging to each of them, including a vehicle. (*People v. Bauer, supra,* 1 Cal.3d at p. 372 (*Bauer*).) The defendant was convicted of burglary in the first degree, robbery in the first degree, grand theft, and automobile theft. (*Id.* at p. 371.) He was sentenced to concurrent terms for the robbery and the auto theft; he was not sentenced on the burglary and grand theft counts. (*Id.* at pp. 371–372.)

On appeal, the defendant contended section 654 prohibited punishment for both the robbery and the auto theft. (*Bauer, supra,* 1 Cal.3d at p. 375.) The California Supreme Court agreed, noting that the "cases make clear that where a defendant robs his victim in one continuous transaction of several items of property, punishment for robbery on the basis of the taking of one of the items and other crimes on the basis of the taking of the other items is not permissible." (*Id.* at p. 377.)

*Bauer, supra,* 1 Cal.3d 368, is distinguishable from the present case. *Bauer* involved a single count of robbery with items having been stolen from three victims on the same occasion. The issue was whether one of the stolen items, which constituted a separately defined offense (auto theft), could serve as a basis for additional punishment. The present case involves five counts of sales to five separate persons during the course of a homecoming football game. Consequently, *Bauer* is factually distinguishable and thus of no aid to the minor.[3]

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3] Our resolution of defendant's contentions renders it unnecessary to address the People's proposition that multiple punishment was appropriate under the multiple victim exception of section 654, specifically, that the minor's crimes involved violence against multiple victims.

*See footnote, *ante,* page 193.

## DISPOSITION

The juvenile court is directed to correct its records to show that the minor's maximum period of confinement is 11 years eight months and that she is entitled to 297 days of precommitment custody. In all other respects, the order committing the minor to the DJJ is affirmed.

Sims, Acting P. J., and Raye, J., concurred.

A petition for a rehearing was denied January 8, 2009, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 18, 2009, S170974.