Filed 1/11/16  P. v. Woodbury CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078977 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CMO36634, CMO41424) |
| v. | |
| STEPHEN WINFIELD WOODBURY IV, | |
| Defendant and Appellant. | |

Defendant Stephen Winfield Woodbury IV appeals from the judgment in case Nos. CM036634 and CM041424.  On appeal, defendant contends the trial court erred by imposing three consecutive sentences in case No. CM036634, for his simultaneous possession of three different controlled substances—methamphetamine, hydrocodone, and hydromorphone.  Defendant argues that Penal Code section 654[1] requires a stay of

---

[1] Undesignated statutory references are to the Penal Code.

1

two of these sentences because he committed all of the offenses pursuant to the single objective of satisfying his drug addiction.  We disagree and shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 22, 2012, defendant was stopped by a police officer for driving with an expired registration.  During the stop, the officer smelled alcohol and saw a partially full bottle of vodka on the passenger-side floorboard.  The officer asked defendant to step out of his vehicle.  As he did so, defendant slipped his hand into his pocket and pulled out a small black object.  The officer grabbed defendant's hand and a small metal container fell onto the ground.  Two bindles of methamphetamine and one hydrocodone pill also fell onto the ground.  A search of defendant's vehicle revealed three hydromorphone pills.  Defendant was arrested and taken to jail.

In July 2012, defendant was charged in case No. CM036634 with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), one count of possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a)), and one count of possession of hydromorphone (Health & Saf. Code, § 11350, subd. (a)).  Defendant pleaded guilty to all three counts and in January 2013, the trial court placed defendant on felony drug probation (Prop. 36) for a period of three years.

In June 2014, defendant was charged in case No. CM041424 with two counts of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—counts 1 and 3), one count of possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a)— count 2), and one count of resisting, delaying or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1), a misdemeanor—count 4).  Defendant pleaded no contest to counts 1

---

[2]  Given the limited issue on appeal, we will briefly summarize the relevant facts and procedural history of the underlying cases.  Because defendant stipulated that the facts detailed in the probation report provided a sufficient basis for his guilty pleas in case No. CM036634, we will rely on that report for the relevant facts.

and 4.  Based on his no contest pleas, the trial court found defendant in violation of his probation in case No. CM036634.  Defendant was referred to probation for a presentencing report.

In March 2015, the trial court sentenced defendant to a total of four years in county jail.  In case No. CM041424, the trial court reduced the felony drug possession count (Health & Saf. Code, § 11377, subd. (a)) to a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18, subd. (a)) and sentenced defendant to one year in county jail, comprised of one year for the possession of methamphetamine and six months concurrent for resisting, delaying or obstructing a peace officer.  In case No. CM036634, the trial court revoked defendant's probation, reduced all three drug possession counts to misdemeanors pursuant to Proposition 47 (§ 1170.18, subd. (a)), and sentenced him to three years in county jail, comprised of one year for each drug possession offense to run consecutively.  The trial court ordered defendant's sentence in case No. CM036634 to run consecutive to the sentence imposed in case No. CM041424.  The court advised defendant that he would be on state parole for a period of one year.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that the trial court erred by imposing three consecutive sentences in case No. CM036634 for his simultaneous possession of three different controlled substances—methamphetamine, hydrocodone, and hydromorphone.  Defendant argues that section 654 bars multiple punishments for two of these sentences because he committed all of the offenses pursuant to the single objective of satisfying his drug addiction.  We disagree.

Section 654 prohibits multiple punishments for offenses arising from a single act or an indivisible course of conduct.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208 .)  It

3

provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).) "[T]he purpose of section 654 'is to insure that a defendant's punishment will be commensurate with his culpability.' " (*Latimer*, *supra*, 5 Cal.4th at p. 1211.)

" ' "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." ' " (*People v. Capistrano* (2014) 59 Cal.4th 830, 885 (*Capistrano*).) "If, on the other hand, in committing various criminal acts, the perpetrator acted with multiple criminal objectives that were independent of and not merely incidental to each other, then he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct." (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 196.)

" ' "The defendant's intent and objective are factual questions for the trial court; [to permit multiple punishments,] there must be evidence to support [the] finding the defendant formed a separate intent and objective for each offense for which he was sentenced." ' " (*Capistrano*, *supra*, 59 Cal.4th at p. 886.) We review the trial court's determination regarding the applicability of section 654 for substantial evidence, and presume in support of the court's conclusion, the existence of every fact the court could reasonably have deduced from the evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143; see *People v. Osband* (1996) 13 Cal.4th 622, 730-731 [approving substantial evidence standard of review].) When section 654 prohibits multiple punishments, the

4

trial court must stay execution of sentence on the convictions that implicate multiple punishments. (*People v. Correa* (2012) 54 Cal.4th 331, 337.)

We conclude that the trial court did not err in imposing consecutive sentences for defendant's possession of three different types of drugs. Section 654 does not preclude multiple punishment for simultaneous possession of various drugs as the intent and objective in possessing each drug may be different. (*People v. Barger* (1974) 40 Cal.App.3d 662, 672 [California courts have "uniformly" held that § 654 "does not preclude multiple punishment for simultaneous possession of various narcotic drugs"]; see *People v. Monarrez* (1998) 66 Cal.App.4th 710, 714-715; *People v. Schroeder* (1968) 264 Cal.App.2d 217, 227-228.) Here, there is substantial evidence in the record to support the trial court's determination that defendant's possession of each drug was a separate and distinct act under section 654 properly subject to separate punishment. The evidence in the record shows that defendant simultaneously possessed three unique drugs when he was stopped for a traffic violation on June 22, 2012. There is no evidence that defendant possessed the drugs for any purpose other than personal use. Accordingly, we find no section 654 error. (See *Monarrez*, *supra*, 66 Cal.App.4th at pp. 714-715 [" '[I]t would be absurd to hold that a criminal who deals in one contraband substance can expand the scope of his inventory without facing additional consequences.' "].)

We reject defendant's unsupported contention that he may only be punished once for simultaneously possessing three different types of drugs because he harbored the single objective of satisfying his drug addiction. Defendant's alleged objective is "too broad and amorphous" to link his otherwise divisible criminal offenses together. (*People v. Perez* (1979) 23 Cal.3d 545, 552 [assertion of a single criminal objective to achieve sexual gratification in committing multiple sex offenses is too broad and akin to the overbroad desire for wealth as the single objective in committing a series of separate thefts].) To accept such a broad, overarching single objective as sufficient to preclude

5

punishment for otherwise separate offenses would violate section 654's purpose "to insure that a defendant's punishment will be commensurate with his culpability." (*Perez*, *supra*, 23 Cal.3d at p. 551.) Here, defendant's culpability increased with each illegal act of possessing a controlled substance. Possessing each drug was a unique act and constituted a separate objective. Consequently, section 654 does not bar consecutive sentencing for each act of possession. (See *In re Noelle M*. (2008) 169 Cal.App.4th 193, 197 [rejecting as too broad minor's claim that her single objective was to sell pills to other juveniles; concluding that each sale was unique and constituted a separate objective for purposes of § 654].)

Contrary to defendant's contention, *In re Adams* (1975) 14 Cal.3d 629 does not compel a contrary result. In *Adams*, the defendant was caught transporting five different types of drugs. (*Id*. at p. 635.) Our Supreme Court held that section 654 barred multiple punishments for the transportation of these drugs because the defendant was motivated by the single objective of delivering all of the drugs to one recipient in a single transaction. (*Adams,* at pp. 635-637.) The court found it unreasonable to fragment the single objective of delivery to one individual to reflect five separate objectives for transporting each drug. (*Id*. at p. 635.) Instead, the court stated that "the entire transaction should reasonably be viewed as constituting an indivisible course of conduct analogous to the theft of several articles of personal property which . . . results in the commission of a single punishable offense." (*Ibid*.) In holding that section 654 was applicable, the court distinguished the facts before it from cases involving possession of multiple types of drugs and declined to disapprove the cases holding that multiple punishments may be imposed for simultaneous possession of various types of drugs. (*Adams*, *supra*, 14 Cal.3d at p. 635.) Accordingly, *Adams* provides no support to defendant.

6

## DISPOSITION

The judgment is affirmed.


                                               BUTZ            , Acting P. J.


We concur:


       MAURO       , J.


       HOCH        , J.