Filed 7/29/21  P. v. Brumfield CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>MIKEL ALAN BRUMFIELD,<br><br>    Defendant and Appellant. | A160290<br><br>(San Mateo County<br>Super. Ct. No. 19-NF-014246) |

Defendant Mikel Alan Brumfield was convicted of, among other misdemeanor counts, five felony counts arising out of his unlawful possession or carrying of a single firearm on a single occasion. On appeal, he contends the court violated Penal Code[1] section 654 by sentencing him to five concurrent prison terms rather than imposing a single term and staying execution of the sentence imposed on the remaining convictions. He also asks that the abstract of judgment be amended to correct the improper designation of his conviction for possession of ammunition as a violent felony. The Attorney General concedes error. We agree. Accordingly, we shall modify the judgment to stay execution of the sentences on counts two through five pursuant to section 654, amend the abstract of judgment to delete the

_____

    [1] All statutory references are to the Penal Code unless otherwise noted.

1

designation of count five as a violent felony, and affirm the judgment in all other respects.

## Background

In February 2020, a jury convicted defendant of possession of a firearm by a person previously convicted of a violent felony (§ 29900, subd. (a)(1), count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2); possession of a loaded firearm in public (§ 25850, subd. (c)(1), count 3); possession of a concealed firearm in a vehicle by a felon (§ 25400, subd. (a)(1), count 4); possession of ammunition by a prohibited person (§ 30305, subd. (a)(1), count 5); misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, count 6); and misdemeanor possession of heroin (Health & Saf. Code, § 11350, subd. (a), count 8).[2] Thereafter, the court found true the allegation that defendant had suffered a prior strike conviction under sections 667 and 1170.12.

Defendant was sentenced to an aggregate four-year prison term calculated as follows: The court imposed the midterm of two years on count 1, which was doubled because of the strike prior. The court imposed concurrent four-year sentences on each of the remaining felony counts. Defendant was credited with time served against his misdemeanor convictions.

Defendant timely filed a notice of appeal.

## Discussion

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of

---

[2] Defendant was acquitted of the misdemeanor cocaine possession (Health & Saf. Code, § 11350, subd. (a)) charged in count 7.

imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."[3]

Here, evidence was presented at trial that defendant was stopped by police for driving a vehicle without a license plate and, in a subsequent search of the vehicle, officers found a loaded revolver under one of the seats. Expert testimony regarding the location of the gun under the seat and DNA testing supported the jury's finding that defendant had placed the gun under the seat.

In *People v. Jones* (2012) 54 Cal.4th 350, 357, the court held, on nearly identical facts, that a defendant who possesses a single firearm on a single occasion commits a single physical act which may be punished only once under section 654. As in *Jones, supra,* at page 359, defendant's guilt in this case was premised solely on his having the loaded gun in his car and the prosecutor's argument to the jury confirmed that his guilt on each count rested solely on that act. The Attorney General concedes that there is no basis to find that defendant possessed the ammunition on a separate occasion before loading the gun. Section 654 requires that punishments falling under its proscription be stayed, not imposed concurrently, as was done by the court here. (*Jones*, *supra*, at p. 353.) Accordingly, we shall modify the judgment to stay execution of the sentences imposed on counts two through five.

In addition, defendant is correct that his conviction under count five of possession of ammunition is not a violent felony under section 667.5,

---

[3] It does not appear from the record that defendant raised the applicability of section 654 in the trial court. However, " 'the waiver doctrine does not apply to questions involving the applicability of section 654. Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal.' " (*People v. Hester* (2000) 22 Cal.4th 290, 295, quoting *People v. Perez* (1979) 23 Cal.3d 545, 549–550, fn. 3.)

subdivision (c). Accordingly, the abstract of judgment shall be amended to delete the improper designation.

## Disposition

The judgment is modified to stay execution of the sentences imposed on counts two through five pursuant to section 654, and the abstract of judgment is amended to delete the designation of count five as a violent felony. As modified, the judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

4