Filed 8/24/23  P. v. Hutchinson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTONE HUTCHINSON,<br><br>Defendant and Appellant. | B324979<br><br>(Los Angeles County<br>Super. Ct. No. NA102378) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard M. Goul, Judge.  Vacated.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Appellant Antone Hutchinson filed a petition for resentencing pursuant to Penal Code section 1172.6, formerly Penal Code section 1170.95, while his earlier petition for resentencing was pending on appeal.  As the trial court lacked jurisdiction to consider the second petition for resentencing while the appeal from the denial of his first petition was under review by the California Supreme Court, we vacate the trial court's order denying the second petition for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Hutchinson was convicted in 2017 of attempted murder committed for the benefit of a criminal street gang (Pen. Code, §§ 664/187, subd. (a), 186.22, subd. (b)(1)(C)) and shooting at an inhabited dwelling (Pen. Code, § 246).  In January 2019 he filed his first petition for resentencing.[1]  (*People v. Hutchinson* (Apr. 30, 2020, B299078) [nonpub. opn.].)  The trial court denied the petition, and Hutchinson appealed.  (*Ibid*.)  This court affirmed the trial court's order.  (*Ibid*.)  The California Supreme Court granted Hutchinson's petition for review on July 8, 2020.

While the appeal from his first resentencing petition was pending in the California Supreme Court, Hutchinson filed a second petition for resentencing in the trial court on February 22, 2022.  The trial court denied the second petition for resentencing on October 12, 2022.  Hutchinson appeals.

---

[1]     At Hutchinson's request, we take judicial notice of the court records pertaining to the first petition for resentencing.  (Evid. Code, §§ 452, subd. (d), 459.)

# DISCUSSION

Hutchinson and the People argue the trial court's order denying Hutchinson's second petition for resentencing must be vacated because the trial court lacked jurisdiction to rule on the petition. We agree. Subject to exceptions not applicable here, " 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court.' " (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044.) "The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." (*People v. Perez* (1979) 23 Cal.3d 545, 554.) Because Hutchinson's appeal from the denial of his first petition for resentencing was pending in the California Supreme Court at the time the trial court heard his second petition for resentencing, the trial court acted in excess of its jurisdiction by ruling on the second petition. (See *People v. Burhop* (2021) 65 Cal.App.5th 808, 813 ["any order the lower court makes affecting an order or judgment on appeal is null and void if made before the remittitur issues"].) Therefore, the trial court's October 12, 2022, ruling denying Hutchinson's second petition for resentencing is void and must be vacated.

We note that while this appeal was pending, the California Supreme Court ordered this court to vacate and reconsider our decision on Hutchinson's first petition for resentencing in light of Senate Bill No. 775 (Stats. 2021, ch. 551.) We did so, and we concluded Hutchinson is entitled to be considered for resentencing under the new law. (*People v. Hutchinson* (Mar. 14, 2023, B299078) [nonpub. opn.].) The remittitur issued May 18, 2023, returning jurisdiction to the trial court to consider,

pursuant to Hutchinson's first petition, whether to resentence him.

## DISPOSITION

The trial court's October 12, 2022, ruling denying Hutchinson's second petition for rehearing is vacated.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



GRIMES, J.



WILEY, J.


4