Filed 4/29/25  P. v. Buford CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100140 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F00798) |
| v. | |
| TERRY BUFORD, | |
| Defendant and Appellant. | |

A jury found defendant Terry Buford guilty of first degree attempted murder of a fetus, assault with a deadly weapon, robbery, kidnapping for robbery, attempted robbery, and conspiracy to commit murder of a fetus.  In his latest of multiple filings arising from this conviction, Buford argues the trial court erred in denying his motion to "recall the previously filed Petition for Resentencing order that was initiated in 2019 and denied by the California Supreme Court in August 2022."  Buford's brief, but not his motion to

1

recall, argues material changes to Penal Code[1] section 1172.6 as a result of the enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775) and the California Racial Justice Act (RJA) (§ 745) authorized him to bring a motion to recall and reconsider his 1172.6 petition. We will affirm.

BACKGROUND

Buford and three codefendants were charged with attempted murder of and conspiracy to murder Baby Roe (§§ 664, 187, subd. (a), 182, subd. (a)(1)), and the following crimes against L.R.: assault with a deadly weapon (§ 245, subd. (a)(1)), robbery (§ 211), kidnapping to commit robbery (§ 209, subd. (b)(1)), and attempted robbery (§§ 664, 211). The information also alleged Buford and his codefendants committed the attempted murder willfully, deliberately, and with premeditation (§ 664, subd. (a)); the crime was a serious felony (§ 1192.7, subd. (c)); and Buford's codefendants personally used a deadly and dangerous weapon in the crime. As to the assault on L.R., the information alleged Buford's codefendants knew or should have known L.R. was pregnant, and inflicted injury on L.R. that resulted in the termination of her pregnancy. (§ 12022.9, subd. (a).) We dispense with a recitation of the underlying facts as this case turns on its procedural history, not the underlying facts of Buford's crimes.

The jury found Buford guilty on all counts and found the alleged enhancements true. On May 26, 2006, the trial court sentenced Buford to life with the possibility of parole for the kidnapping conviction, plus a consecutive 25 years to life for conspiracy to commit murder, and a consecutive term of five years for the robbery.

---

[1] Undesignated statutory references are to the Penal Code.

2

On January 24, 2020, Buford filed a petition to recall his sentence under section 1170.95 seeking to be resentenced on his conviction for attempted murder.[2] (*People v. Buford* (May 27, 2022, C093285) [nonpub. opn.] (*Buford*).)

On May 27, 2022, this court issued an opinion concluding that Buford was not entitled to relief under section 1172.6 as a matter of law, because his record of conviction demonstrated he had the intent to kill Baby Roe. (*Buford*, *supra*, C093285.) In that opinion, this court noted it requested and received briefing on the impact, if any, of the enactment of Senate Bill No. 775. (*Buford*, *supra*, C093285.) In response to that briefing, this court concluded the trial court's denial of the underlying petition based on the claim that section 1172.6 did not apply to attempted murder was no longer tenable based on Senate Bill No. 775. (*Buford*, *supra*, C093285.)

On June 28, 2022, Buford filed an "Informal Request for the Court to Recall Sentence on its Own Motion, Pursuant to Penal Code [former] Section 1170.03."[3] (Capitalization omitted.) He argued the trial court was empowered to recall and modify his sentence for any rational reason. He asserted he experienced psychological, physical, and childhood trauma that resulted in abuse and neglect and that his young age was a contributing factor to the commission of the crime. The instant appeal is not from the June 28, 2022 motion.[4]

---

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) In this opinion, we cite to the current section 1172.6.

[3] Since his filing, effective June 30, 2022, section 1170.03 was renumbered to section 1172.1, with no change in text. (Stats. 2022, ch. 58, § 9.) In this opinion, we cite to the current section 1172.1.

[4] Unlike the June 2022 motion, the November 2023 motion at issue in this appeal was not made under section 1170.03 or 1172.1. Thus, we have no occasion to analyze whether this order is appealable under the diverging line of cases represented by *People v. Chatman* (Feb. 4, 2025, F087868) rehearing granted and opinion ordered not citable on March 3, 2025, and *People v. Hodge* (2024) 107 Cal.App.5th 985, 999.

On September 1, 2022, the trial court filed the August 15, 2022 remittitur from this court's decision in *Buford*. That same day, a different trial court judge denied Buford's informal request to recall his sentence under section 1172.1. On February 9, 2023, Buford filed a motion to obtain a free copy of his transcripts. The trial court denied that motion on July 19, 2023. Buford filed a notice of appeal for that motion on July 31, 2023, to this court as case No. C099144.

While Buford's appeal in case No. C099144 was pending, he filed the recall motion that is the subject of the instant appeal on November 6, 2023, entitled "Motion for Recall of Resentence Proceedings." (Capitalization omitted.) He asked the trial court to "recall the previously filed Petition for Resentencing order that was initiated in 2019 and denied by the California Supreme Court in August 2022."

On November 15, 2023, the trial court denied Buford's recall motion. In its written order, the trial court stated: "Defendant appears to be requesting a reconsideration of the 2020 denial of the resentencing petition pursuant to Penal Code § 1172.6, formerly § 1170.95. Defendant appealed and the appellate court affirmed the denial. (*People v. Buford*, [*supra*,] C093285) (3d Dist., May 27, 2022) [nonpub. opn.].) Defendant cites no authority from which a trial court can again review a denial of the § 1172.6 petition after the denial has been affirmed on appeal. [¶] Defendant's case is currently pending on appeal, *People v. Buford*, Case No. C099144. 'The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' (*People v. Perez* (1979) 23 Cal.3d 545, 554; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [' "an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court" '].) Defendant's case is pending on appeal, so the Court lacks jurisdiction." (Fn. omitted.) Buford filed a timely notice of appeal from this denial in December 2023. His opening brief was filed in September 2024, and this case became fully briefed on March 25, 2025.

4

In July 2024, upon Buford's request, this court dismissed the appeal in case No. C099144.

DISCUSSION

Buford asserts that "given changes in the law, [he] is entitled to recall and reconsideration of his petition for resentencing." (Capitalization omitted.)  Specifically, he asserts that *People v. Farfan* (2021) 71 Cal.App.5th 942 stands for the proposition he is entitled to file a second petition based on new legal authority that challenges the trial court's denial of his first petition.  The relevant changes in law he identifies are Senate Bill No. 775 and the RJA.  We disagree.

" ' "Generally speaking, courts may correct judicial error in the making of interim orders or in limine rulings until pronouncement or entry of a judgment.  [Citations.]  On the other hand, judicial error in the making of a final order or judgment 'may not be corrected except pursuant to statutory procedures' or on the limited grounds available for a collateral attack." ' " (*People v. Hampton* (2019) 41 Cal.App.5th 840, 848.)

"Although courts have sometimes used appealability as a test for distinguishing final orders from interim orders [citations], a better approach here, we think, is to analyze the issue in terms of the policies underlying the general concept of finality.  Orders and judgments are deemed final in the superior court, and not subject to reconsideration by that court, to preserve confidence in the integrity of judicial procedures and to avoid the delays and inefficiencies associated with repeated examination and relitigation of the same facts and issues.  [Citation.]  The concept of finality 'rests upon the sound policy of limiting litigation by preventing a party who has had one fair adversary hearing on an issue from again drawing it into controversy and subjecting the other party to further expense in its reexamination.'  [Citations.]  This court has recognized that '[e]ndless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice . . . .' " (*People v. DeLouize* (2004) 32 Cal.4th 1223, 1232.)

These policy considerations compel us to conclude this court's determination of Buford's first 1172.6 petition was a final order that may not be challenged except

5

pursuant to statutory procedures. Buford had a fair hearing on his initial petition and full consideration of his appeal. Considering this court's decision as final serves to preserve the confidence in the integrity of the judicial process and avoids further delays and inefficiencies that would accompany relitigating this matter again.

Buford cited no statutory authority for the filing of his recall motion—neither in the motion itself nor in his appellate brief. This omission is unsurprising, as no statutory provision authorizes the filing of a motion to reconsider a final decision on a defendant's first petition under section 1172.6. To the extent Buford contends that "changes in the law" justify his recall motion under *Farfan*, he has not identified any applicable change in law.

Before issuing its decision on the appeal from the denial of Buford's original petition, this court invited him to submit supplemental briefing regarding the impact of Bill No. 775 on his case. (*Buford*, *supra*, C093285.) After reviewing his briefing, the court agreed that Senate Bill No. 775 had expanded the scope of section 1172.6 to include convictions for attempted murder. As a result, the trial court's prior determination—that section 1172.6 did not apply to Buford's attempted murder conviction—was no longer tenable. (*Buford*, *supra*, C093285.) The court then turned to the merits of his petition and concluded that, based on the record of conviction for attempted murder and conspiracy to commit the murder of Baby Roe, the jury necessarily found that Buford intended to, and did, agree to commit the murder of the fetus, and that at the time of this agreement, he intended one or more of his coconspirators would carry out the killing. (*Buford*, *supra*, C093285.)

This court further concluded that "the record of conviction also establishes defendant's intent to kill based on the jury's true finding on the special allegation that the attempted murder charged in count one was committed willfully, deliberately, and with premeditation within the meaning of section 664, subdivision (a)." (*Buford*, *supra*, C093285.) As a result, the record of conviction demonstrated that Buford could not establish he was eligible for relief under section 1172.6 as a matter of law. (*Buford*,

6

*supra*, C093285.)  Given his statutory ineligibility, this court further concluded the trial court's failure to hold an evidentiary hearing and issue a statement of decision constituted harmless error.  (*Buford*, *supra*, C093285.)

Senate Bill No. 775 was identified by this court, briefed by Buford, and thoroughly analyzed in the court's prior decision.  Having already examined and rejected Buford's claims under Senate Bill No. 775, that legislation cannot now be considered a "new" change in law that would justify the filing of a subsequent motion for relief.

To the extent Buford asserts that the RJA constitutes new law justifying the filing of a subsequent petition, his claim likewise fails.  As Buford himself acknowledges, the RJA did not take effect until January 1, 2024—well after both the denial of his original petition and the denial of his recall motion.  Thus, it is factually impossible for the RJA to have served as the "new law" underlying his recall motion.

More important, to the extent Buford attempts to assert hypothetical violations of the RJA in this case, he fails to cite any facts suggesting an RJA violation—either in his motion to recall or in his appellate brief.  It is well established that an appellant must support arguments with analysis and appropriate citations to the record.  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  Failure to do so results in forfeiture of the claim.  (*Ibid*.)  Buford is also required to present reasoned legal argument and citation to authority in support of any claims or issues raised.  (*People v. Sorden* (2021) 65 Cal.App.5th 582, 603.)  His conclusory statement that he "is entitled to remand to the trial court so that he can raise issues [relevant] to his case pursuant to [the RJA]" falls far short of the required showing.  Accordingly, he has forfeited this claim on appeal.[5]

---

[5]  Buford asserts that, during the passage of time since he withdrew his appeals, the trial court denied reconsideration of its prior order.  However, the record contains no additional motion or order related to this claim, and thus there is nothing properly before this court for review.

7

## DISPOSITION

The order denying Buford's motion for recall of resentence proceedings is affirmed.

/s/
BOULWARE EURIE, Acting P. J.

We concur:

/s/
MESIWALA, J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.