Filed 6/11/25  P. v. Gant CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>LLOYD DEMETRIUS GANT,<br><br>    Defendant and Appellant. | A169979<br><br>(Alameda County<br>Super. Ct. No. 23-CR-005640) |

Defendant Lloyd Demetrius Gant was convicted by a jury of one count of indecent exposure.  Gant contends the trial court erred by failing to instruct sua sponte on unanimity.  Because Gant was engaged in a continuous course of conduct, the court was not required to sua sponte give a unanimity instruction, and any error in failing to do so was harmless anyway.  We therefore affirm.

## I. BACKGROUND

Phan T. worked as a manicurist at a salon in Fremont.  At about 3:00 p.m. on June 10, 2023, Gant entered the salon and asked for a manicure and pedicure.  When Phan brought water for his feet, Gant unzipped his pants and lifted his shirt, exposing his penis.  Phan told him to "be nice," and Gant responded by pulling down his shirt.  Phan placed a towel over Gant's lap and gave him a pedicure.  Afterwards, she refused to give him a manicure.  Gant would not leave the salon, so Phan left to find security.

About 3:20 p.m., Briauna T. and Demetria J. were outside the salon when Phan approached them and asked for help because there was "a crazy person" in the salon. When Briauna and Demetria entered the salon, everything initially seemed normal. Upon sitting in a chair, Briauna noticed Gant staring at them "very, very hard." He kept staring at Demetria, so Demetria asked him if they knew each other. Gant said nothing and just smiled.

At that point, Demetria noticed that Gant's pants were unzipped, and, while continuing to look at her, he pulled his penis out. He stood up and walked towards Demetria. Demetria stood in front of Briauna, and they yelled at Gant to stay back. Gant was smiling and touching his chest. There was one other customer in the salon, Divya D., and she also saw Gant's penis when he stood up. Divya called 911.

When Gant was about a foot away from Briauna and Demetria, he undressed, taking off his shirt, pants, and underwear, and he said, "Come on. . . . [Y]ou said you was going to suck [my] dick." Briauna and Demetria yelled at him to put his clothes back on. He ignored them and, according to Briauna, touched Demetria's right breast. Demetria slapped his hand and told him not to touch her. He turned towards Briauna, but she grabbed a receipt holder and threatened to stab him with it.

Gant eventually put his clothes back on, though his penis was still exposed, and the police arrived shortly thereafter. Gant refused to comply with the responding officers' orders to put his hands up and backup was called. It took five or six officers to detain him.

After his arrest, Gant told officers that he believed he was playing a role in a pornographic film. Briauna testified at trial that Gant appeared "[o]ff" and like he was "not there." Surveillance video from inside the salon

captured Gant approaching Demetria and Briauna and standing in front of them naked. The trial court also admitted evidence of Gant's three prior indecent exposure convictions to show that he acted with the requisite intent in this case.

An amended information charged Gant with felony indecent exposure (Pen. Code, § 314, subd. (1); count one);[1] attempted forcible copulation (§ 287, subd. (c)(2)(A); count two); three counts of sexual battery by restraint (§ 243.4, subd. (a); counts three, four, and five); attempted firearm removal (§ 148, subd. (d); count six); misdemeanor battery upon a police officer (§ 243, subd. (b); count seven); and felony resisting arrest (§ 69; count eight).

The jury found Gant guilty on the indecent exposure count but could not reach a unanimous verdict on the remaining counts. The trial court declared a mistrial on counts two through eight. Gant was sentenced to three years in state prison.

## II. DISCUSSION

Gant contends the trial court prejudicially erred in failing to give a unanimity instruction sua sponte for the indecent exposure count. A claim of instructional error is reviewed de novo. (*People v. Hernandez* (2013) 217 Cal.App.4th 559, 568 (*Hernandez*).) We reject Gant's claim of instructional error.

A criminal defendant is entitled to a unanimous verdict. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) In any case in which the evidence would permit jurors to find the defendant guilty of a crime based on two or more discrete acts, either the prosecutor must elect among the alternatives or the court must require the jury to agree on the same criminal act. (*Ibid*.) Where it is warranted, the court must give the instruction sua sponte.

---

[1] Undesignated statutory references are to the Penal Code.

3

(*People v. Riel* (2000) 22 Cal.4th 1153, 1199.)  The omission of a unanimity instruction is reversible error if, without it, some jurors may have believed the defendant guilty based on one act, while others may have believed him guilty based on another.  (*Russo*, at p. 1132.)

The People argue that the continuous course of conduct exception applies, negating the need for the instruction.  The continuous course of conduct exception arises in two contexts.  (*People v. Gunn* (1987) 197 Cal.App.3d 408, 412.)  " 'The first is when the acts are so closely connected that they form part of one and the same transaction, and thus one offense.  [Citation.]  The second is when . . . *the statute* contemplates a continuous course of conduct of a series of acts over a period of time.' "  (*Ibid.*)  The People contend the first context is applicable here.

"The first facet of the exception holds that a unanimity instruction is not ' "required when the acts alleged are so closely connected as to form part of one continuing transaction or course of criminal conduct," ' or ' " 'when the defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for the jury to distinguish between them.' " ' " (*Hernandez*, *supra*, 217 Cal.App.4th at p. 572.)  "The justification for the exception is that there is no need for an instruction when there is a single course of conduct because members of the jury cannot distinguish between the separate acts.  Further, the instruction is unnecessary when the defendant proffers the same defense to multiple acts because a guilty verdict indicates that the jury rejected the defendant's defense in toto." (*Ibid.*)

Here, the evidence showed that the indecent exposure charge arose from a continuous course of conduct—Gant unzipping his pants and exposing himself to Phan and then to Divya, Demetria, and Briauna.  For the entire incident, Gant presented a unitary mistake of fact defense, claiming he

4

believed others would not be offended by his conduct because he thought he was playing a role in a pornographic film. Further, the jury had no reasonable basis to distinguish between the acts of Gant exposing himself. The acts were committed in the same location and within a short period of time. (See *People v. Mota* (1981) 115 Cal.App.3d 227, 232 [repeated acts of rape during one hour constituted continuous course of conduct]; *People v. Haynes* (1998) 61 Cal.App.4th 1282, 1296 [continuous course of conduct where acts occurred "just minutes and blocks apart and involved the same property"].) And the testimony of Phan, Briauna, and Divya presented a cohesive narrative that suggested Gant never zipped up his pants after first exposing himself to Phan.

Thus, there was no danger that different jurors would find Gant guilty of different acts. " '[W]here the acts were substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place, the instruction is not necessary to the jury's understanding of the case.' " (*People v. Beardslee* (1991) 53 Cal.3d 68, 93.)

Even were we to assume a unanimity instruction was required, the trial court's failure to give such an instruction was harmless beyond a reasonable doubt. (*People v. Wolfe* (2003) 114 Cal.App.4th 177, 186–188 [we must reverse the judgment based on the failure to give a unanimity instruction unless the error is harmless beyond a reasonable doubt].) Error in failing to give a unanimity instruction is harmless beyond a reasonable doubt "where the defendant offered the same defense to all criminal acts, and 'the jury's verdict implies that it did not believe the only defense offered.' " (*Hernandez, supra*, 217 Cal.App.4th at p. 577.) The error is also harmless if the jury reasonably could not disbelieve that the defendant committed one criminal act, even though jurors could have had a reasonable doubt as to

5

whether the defendant committed the other criminal act. (*Wolfe*, at p. 188; see also *People v. Riel, supra,* 22 Cal.4th at p. 1200.)

In this case, the jury was presented with evidence that Gant exposed himself to multiple people at the salon over a short period of time, and they rejected his sole defense that he mistakenly believed others would not be offended. Additionally, the evidence that Gant committed indecent exposure when he exposed his genitals to Demetria and Briauna was overwhelming. In addition to Briauna and Divya's testimony, surveillance video from inside the salon captured Gant exposing himself to Demetria and Briauna. Thus, it is not reasonably possible that some jurors would find that Gant indecently exposed himself to Phan or Divya but not to Demetria and Briauna. Under these circumstances, the failure to give the unanimity instruction was not prejudicial.

Gant does not assert that the acts of exposing himself to Phan, Divya, Demetria, and Briauna were distinct or subject to different defenses. Instead, he claims, based on the prosecutor's closing argument, that the two acts presented to the jury as the basis for the indecent exposure charge were the acts of exposing himself to Phan and touching Demetria's breasts. He argues that the two acts do not fall within the continuous course of conduct exception to the unanimity requirement because he presented different defenses for the two acts, there was a reasonable basis for distinguishing between the two acts, and the continuous course of conduct exception does not apply to multiple criminal sex acts.

Gant reads the prosecutor's statements out of context. After the prosecutor summarized the first two counts, he stated, "[T]hen counts 3, 4 and 5 are the same charge, just related to different instances in this event. [¶] So the first one, if you think back to my colleague reading in the

6

testimony of Briauna T[.], that's about the defendant grabbing [Demetria's] breasts. The count 4 against Officer Corona is when they are both standing up." When read in context, it is apparent that the prosecutor's statement about Gant's act of touching Demetria's breasts was referring to the third count for sexual battery by restraint. It would make no sense otherwise if the touching constituted the basis for the indecent exposure charge. (See § 314, subd. (1).)

Gant's argument that the two acts were subject to different defenses is also based on a misreading of his trial counsel's closing statement. For his initial exposure to Phan, Gant claims he proffered a defense that Phan was not offended or annoyed by his behavior. But the portion of the record he cites is an argument in support of his mistake of fact defense. Indeed, defense counsel conceded that Phan *was* offended by Gant's conduct, but she argued that Phan's subjective perception was irrelevant for purposes of the mistake of fact defense. She claimed instead that Phan's reaction to Gant's exposure gave him the mistaken impression that his conduct was not unusual or inappropriate.

We also reject Gant's argument that the continuous course of conduct exception does not apply in this case because it does not apply to multiple criminal sex acts. Gant's reliance on *People v. Perez* (1979) 23 Cal.3d 545 is misplaced. It does not stand for the proposition that the continuous course of conduct exception does not apply where the defendant exposes himself to multiple people within a short period of time. Rather, it simply states that a defendant who attempts to achieve sexual gratification by committing a variety of distinct criminal acts on his victim may be subject to punishment for each offense, notwithstanding section 654. (*Perez*, at pp. 553–554.)

7

Finally, we acknowledge that the prosecutor stated during closing arguments that Gant theoretically could have believed some of the individuals in the salon were not part of his pornographic film. Gant suggests this statement shows that the two acts at issue were distinct because his mistake of fact defense could have applied to Phan but not to Demetria and vice versa. Even if Gant's course of conduct was divisible, it does not appear from the record that there was an evidentiary basis for the jury to conclude that Gant's mistake of fact defense applied to some of his criminal acts but not to other acts. Rather, defense counsel argued that Gant's conduct throughout the entire incident and his interactions with both Phan and Demetria demonstrated his perception that he was playing a role in a pornographic film.

In sum, the unanimity instruction was unnecessary in this case because Gant "proffer[ed] the same defense to multiple acts" and the "guilty verdict indicates that the jury rejected the . . . defense in toto." (*Hernandez*, *supra*, 217 Cal.App.4th at p. 572; see *People v. Winkle* (1988) 206 Cal.App.3d 822, 826 [unanimity instruction unnecessary when the jury's verdict implies that it did not believe the *only* defense offered].) And, in any event, any error in failing to provide a unanimity instruction was harmless in light of the overwhelming evidence of indecent exposure. (See *People v. Wolfe*, *supra*, 114 Cal.App.4th at pp. 187–188.)

## III.   DISPOSITION

The judgment is affirmed.

8

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A169979
*People v. Gant*

9